DAWKINS, J.
Plaintiff obtained a judgment for $93.70 against Tony Spinnato in the court of respondent, issued execution thereon, and seized a small remnant of merchandise, which brought $2S.50 at public sale. Thereafter, the sheriff took a rule on plaintiff to fix costs, and produced bills at $4 per day for 13 day3 for keeper’s fees, and $20 for rent of the premises in which the goods were kept pending the seizure.
In answer to the rule, plaintiff alleged that it had, through counsel, when directing the seizure, instructed the sheriff not to place a keeper in charge, for the very reason that there was not sufficient property to justify it; but that, on the day of the sale, for the first time, counsel was informed that this expense had been incurred contrary to the instructions mentioned. When plaintiff attempted to make proof of these facts, the respondent judge, ex proprio motu, interposed the objection that, if the instruction was not in writing, the sheriff did not have to answer the questions, and otherwise essayed to represent the sheriff and to exclude the evidence in support of the answer to the rule. The result was that plaintiff was condemned to pay a cost bill of $52 for keeper’s fees, in addition to the other costs accruing from the execution.
It is true that the plaintiff in a suit is primarily liable for all costs and fees of the officers whose services he invokes. This is one of the “privileges” of litigating; but it is also true that he controls the execution of his judgment, and may stop the proceedings at any stage which he may see fit.- In this case, if there was any good reason, in the shape of unusual risk which the sheriff was unwilling to assume in not placing a keeper in charge of the property, it was his duty to have so informed plaintiff’s counsel at the time and not to, in the face of positive instructions to the contrary, incur expenses many times the value of the property seized, without giving plaintiff a chance to stop the proceeding. The officer was at liberty to der cline to proceed, if he saw fit, but being a co-officer, with the attorney, of the court, each owed the other the duty of fair and *12 frank dealing, and if this course was not pursued on the part of the sheriff, he has only himself to blame for incurring an expense which was not only not authorized, but, according to the allegation, clearly instructed should not be incurred. We know of no law which requires such instructions to be in writing.
For the reasons assigned, the judgment on the rule is set aside, and this cause is remanded to the lower court, with instructions to hear the testimony upon the issue raised by the answer to the rule, and to render such judgment as may be consonant with law and the views herein expressed.
O’NIELL, O. J., concurs in the de.cree.