(97 South. 798)

No. 26118.

**JAMES J. REISS CO. v. SPINNATO.**

**In re JAMES J. REISS CO.**

(Oct. 22, 1923.)

*(Syllabus by Editorial Staff.)*

Execution ⚖️156—Rent due defendant's landlord held not subject to taxation as costs.

Where a sheriff had levied a seizure on a stock of merchandise for a judgment creditor, he could not on proceedings to compel the judgment creditor to pay costs, tax an amount supposed to be due defendant's landlord before the seizure was levied.

Action by the James J. Reiss Company against Tony Spinnato, wherein the sheriff proceeded by rule against plaintiff to collect certain costs. Judgment for the sheriff, and plaintiff applies for writs of certiorari and prohibition. Annulled, and judgment for plaintiff rendered.

Andrew H. Thalheim, of Gretna, for relator.

L. Robert Rivarde, of Hahnville, for respondents.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. The relator, having a judgment against the defendant for $93.70, levied a seizure on a remnant of a stock of merchandise, which the sheriff sold for $28.50. Thereafter, the sheriff proceeded by rule against relator to collect as costs $78.29, and to compel relator to pay the excess of $49.79. Among the items of cost claimed by the sheriff were two items which relator contested, being a charge of $52 for keepers' fees, and a charge of $20 for rent of the building where the goods were kept. On trial of the rule, the district judge excluded the defendant's evidence, and gave judgment for the full sum claimed by the sheriff. The matter being brought here on a writ of certiorari, we set aside the judgment, and remanded the case for the hearing of evidence and the rendering of such judgment as the evidence would warrant. See Reiss Co. v. Spinnato, (La.) 97 South. 264.[1] Having heard the evidence, the judge again gave judgment for the full amount claimed by the sheriff.

It was admitted on the trial that, on account of the meagreness of the stock of goods seized, relator's attorney instructed the sheriff not to appoint a keeper. The sheriff disobeyed the instruction because it was not in writing. In our former opinion we held that the verbal instruction was sufficient under the circumstances.

The sheriff admitted also, in his testimony, that the $20 claimed for rent was not due to him, or for rent incurred after the seizure, but was supposed to be due to Spinnato's landlord for rent incurred before the seizure was levied. The charge therefore cannot be taxed as costs.

The judgment complained of is annulled, and it is now ordered, adjudged and decreed that the relator recover of and from the sheriff the $22.21 balance held by him, and the costs of these proceedings and of the rule to tax costs.

---

[1] Ante, p. 9.