KALISTE J. SALOOM, Jr., Judge Pro Tem.
The question presented in this appeal is whether the Sheriff of Rapides Parish may collect the costs of preparing for a judicial sale under a writ of fieri facias from the plaintiff in writ when the sale does not occur because of the automatic stay provisions of 11 U.S.C. Section 362.
FACTS
In May, 1989, defendants-appellees, Jimmie Guinn and his wife, Ava, filed suit against Lloyd Drewett for past due rent. They obtained a money judgment against Drewett and caused a writ of fieri facias to be issued upon certain property owned by Mr. Drewett. Plaintiff-appellant, Grady Kelley, the Sheriff of Rapides Parish, had the property appraised and advertised all in preparation of the judicial sale which was set for August 16, 1989.
On August 15, 1989, Lloyd Drewett’s attorney notified the Sheriffs office that Mr. Drewett had filed for bankruptcy under Chapter 11. The Sheriffs office, in turn, notified the Guinns that the sale had to be halted because under 11 U.S.C. Section 362, the automatic stay provision of the Bankruptcy Code, the Sheriff was prohibited from proceeding with the sale.
Subsequently, the Sheriff billed the Guinns for $746.60, being the expenses incurred by the Sheriff in preparation for the sale. This suit followed when the Guinns refused to pay.
The trial court rendered judgment in favor of the Guinns finding that LSA-R.S. 33:1428 is the controlling statute and does not provide that the plaintiff in writ must pay the Sheriffs costs when a sale is halted because the debtor files for bankruptcy. The Sheriff appeals arguing that he should be able to collect the costs from the plaintiff in writ. After careful review, we reverse.
LAW
LSA-R.S. 33:1428 is the statute that sets the fees the sheriff may charge in civil matters. The trial court focused on 33:1428A(13) which provides as follows:
A. Sheriffs shall be entitled to no more than the following fees and compensation in all civil matters:
* ⅜ ⅜: sjs Jjc *
(13)(a) In all cases where the sheriffs have in their possession for execution a writ of fieri facias, a writ of seizure and sale, or any conservatory or other writ under which property is or may be seized:
(i) When there has been an adjudication which is not completed as a result of instructions given by the plaintiff in writ or for any other reason, or
(ii) When the plaintiff in writ receives cash, other consideration, or both pursuant to judgment rendered in suit in which the writ issued without the necessity of judicial sale, or
(iii) When the suit in which the writ issued is discontinued by the plaintiff in writ, or
(iv) When at the request of the plaintiff in writ the writ is recalled or dissolved or its further execution discontinued, or
(v) When the parties in interest make an amicable settlement or compromise or enter into any other agreement under the terms of which the writ is recalled or dissolved or its further execution discontinued, the sheriffs shall be entitled to receive a fee or commission as in the case of a sale,
(b) But in the discretion of the sheriffs and under circumstances satisfactory to them, they may modify or reduce any fee *167 or commission due and payable under the provisions of this Paragraph. However, if the property is the debtor’s homestead exempt residence and there has been a settlement or compromise between the parties, the fee or commission shall be calculated on the amount of the settlement or compromise.
(c) The fees or commission provided for in this Paragraph shall be due and payable in every case by the plaintiff in writ and shall be due and payable under the circumstances above set forth even though there has only been a constructive seizure or where property seized under any of the writs hereinabove enumerated has been released on bond.
(d) In a case where there has been an amicable settlement by compromise or otherwise, but no judgment has been rendered, the fee or commission shall be due and payable in solido by all parties to the compromise agreement or settlement who may be proceeded against by the sheriffs by rule to be tried in a summary manner in term time or in vacation.
[[Image here]]
The trial judge found that none of the provisions applied to the situation whereby a sale is halted because of bankruptcy proceedings. He then concluded that because the legislature in enacting this statute did not envision this situation, and because the statute was intended to limit the circumstances under which the Sheriff could receive compensation, the Sheriff could not recover these costs.
While we agree with the trial court that none of the criteria of LSA-R.S. 33:1428A(13) has been met, we believe the trial court erred in concluding that the statute limits the circumstances under which the Sheriff can be paid and that the statute thus operated to deprive the Sheriff of his costs.
In examining the entire statute, it is evident that it is not concerned as much with who pays the costs, but rather the amount of the costs. The purpose of the statute is to set the fees and commissions that the Sheriff may charge so that he will not have unfettered discretion in setting his costs. This can be seen by examining the structure of the statute. It lists the method of charging or the amount to be charged in the first thirteen paragraphs and then follows with a paragraph indicating that for services performed by Sheriffs not provided for in the statute, the Sheriff will still be entitled to a fee or commission which must be agreed to by the parties or tried summarily. Thus, it is clear that the primary purpose of the statute is to set the amounts to be charged, not to limit the circumstances under which the Sheriff may receive his costs.
Consequently, even though LSA-R.S. 33:1428A(13)(c) provides that the plaintiff in writ is required to pay the fee in the five circumstances listed under paragraph 13, we find that it was error for the trial court to conclude that those were the only circumstances under which plaintiff in writ could be required to pay.
While it is noted that LSA-R.S. 33:1428 does not expressly cover the situation of this case, we believe it does provide some guidance. It envisions that when, albeit because of some action by the plaintiff, a judicial sale is not completed, the plaintiff must pay the costs. It is the plaintiff who evokes the services of the public officer; it is he who should be primarily liable for the costs and fees. Magna Commercial A.G. v. Commoil LTD., 558 So.2d 796 (La.App. 5th Cir.), writ denied, 561 So.2d 119 (La.1990); James J. Reiss Co. v. Spinnato, 154 La. 9, 97 So. 264 (1923). This principle is illustrated in LSA-R.S. 13:3856 and 13:3883 which allow the Sheriff to refuse to perform under a writ until the plaintiff advances fees or security for costs.
We conclude that the bankruptcy stay of the Sheriffs sale does not exonerate the seizing creditors from payment of costs incurred. If the Sheriff could have required the plaintiffs in writ to pay the costs in advance, we see nothing prohibiting him from demanding payment at a later point in the proceedings. Neither the Sheriff nor plaintiffs in writ had any choice other than to obey the automatic bankruptcy stay of the sale. As between them, we *168 believe the party who evoked the services should pay the ensuing expenses.
For the reasons hereinabove assigned, we reverse the judgment of the trial court and order the defendants to pay $746.60, with legal interest from the date of judicial demand, until paid. Costs of appeal to be paid by the Guinns.
REVERSED AND RENDERED.