I THIBODEAUX, Judge.
This appeal arises out of an adverse judgment on a rule to show cause for the payment of fees, commissions and attorney’s fees filed on behalf of Errol Romero, in his capacity as Sheriff of Iberia Parish, in a lawsuit entitled Aline Segura Tucker v. Vivian Crowson Magette Tucker Fowler in Iberia Parish.
Sheriff Romero appeals a judgment of the trial court which denied his request for a six percent commission after a writ of fieri facias was served on the | judgment debtor and the judgment debtor’s bank. No funds were recovered but the judgment was subsequently paid by the judgment debtor to the plaintiff.
For the following reasons, we affirm.
I.

ISSUE

Does La.R.S. 33:1428(13) allow the payment of fees or a commission to a sheriff after a writ of fieri facias is issued, a notice of seizure is executed but no assets or funds are seized by the sheriff?
II.

FACTS

A judgment in favor of Aline Segura Tucker and against Vivian Crowson Magette Tucker Fowler in the amount of twelve thousand two hundred seventy-nine and 92/100 ($12,279.92) dollars was rendered on June 28, 1994. When the judgment went unpaid, a writ of fieri facias was directed to the sheriff by the plaintiff for seizure of certain assets of the defendant-debtor. A notice of seizure was served on the judgment debtor and Pre *404 mier Bank. No funds were recovered as a result of the seizure. The judgment was paid in full by the judgment debtor on August 11, 1994. Sheriff’s costs in the amount of $300.00 were prepaid. After the sheriff’s request for a commission was refused, he filed a rule to show cause why he should not be entitled to fees and commissions.
III.

LAW AND DISCUSSION

A. Liability Of The Plaintiff/Creditor
La.R.S. 33:1428(13)(a) states:
1313(a) In all eases where the sheriffs have in their possession for execution a writ of fieri facias, a writ of seizure and sale, or any conservatory or other writ under which property is or may be seized:
(i) When there has been an adjudication which is not completed as a result of instructions given by the plaintiff in writ or for any other reason, or
(ii) When the plaintiff in writ receives cash, other consideration, or both pursuant to judgment rendered in suit in which the writ issued without the necessity of judicial sale, or
(iii) When the suit in which the writ issued is discontinued by the plaintiff in writ, or
(iv) When at the request of the plaintiff in writ the writ is recalled or dissolved or its further execution discontinued, or
(v) When the parties in interest make an amicable settlement or compromise or enter into any other agreement under the terms of which the writ is recalled or dissolved or its further execution discontinued, the sheriffs shall be entitled to receive a fee or commission as in the case of a sale.
The trial judge succinctly stated:
I don’t think in this case the sheriff aided in the collection of this judgment. Had that account had money in it, no matter how much or how little, then I think the sheriff would have been entitled to commission on the funds in that account up to the total amount necessary to satisfy the judgment. But the account had no funds.
We agree.
The provisions of La.R.S. 33:1428(13)(a) presuppose the seizure of an asset of some monetary value against which a judgment may be satisfied. The sheriff’s position that a commission is due based on the value of a judgment or settlement upon the issuance of a writ is untenable. His entitlement to a commission is predicated on the idea that he actually seizes an asset of value or, in some way, fosters or facilitates a compromise of the dispute. Here, the judgment debtor’s account at Premier Bank contained no money. There is nothing in the record which vindicates that the sheriff fostered or facilitated the compromise of this dispute. Hence, he is not entitled to any fee or commission.
In his brief, the sheriff relies on this court’s decision in Kelley v. Guinn, 602 So.2d 165 (La.App. 3 Cir.1992). This reliance is misplaced. Kelley can be distinguished from the instant case. In Kelley, something of value was seized. In this ease, the sheriff’s seizure resulted in nothing of value being seized.
B. Liability Of The Defendant/Debtor
Regarding the liability of the defendant-debtor, Vivian Fowler, La.R.S. 33:1428(13)(c) and (d) provide:
(c) The fees or commission provided for in this Paragraph shall be due and payable in every case by the plaintiff in writ and shall be due and payable under the circumstances above set forth even though there has only been a constructive seizure or where property seized under any of the writs hereinabove enumerated has been released on bond.
(d) In a case where there has been an amicable settlement by compromise or otherwise, but no judgment has been rendered, the fee or commission shall be due and payable in solido by all parties to the compromise agreement or settlement who may be proceeded against by the sheriffs by rule to be tried in a summary manner in term time or in vacation.
It is clear from a reading of the above statutes that the sheriff is not entitled to collect a fee from Vivian Fowler. She was the defendant, not the plaintiff. Ms. Fowler *405 is not responsible for the payment of any fees, commission or costs unless there was a compromise or settlement. There was none. Ms. Fowler paid the full amount of the judgment.
C. Frivolous Appeal
The issue of whether appellee, Aline Segu-ra Tucker, is entitled to damages for a frivolous appeal is governed by La.Code CivJP. art. 2164 which states:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may | {¡award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
Since appeals are favored, penalties for frivolous appeals should not be granted unless they are clearly due, e.g., when there are no serious legal questions, or when it is manifest that the appeal is taken solely for the purpose of delay, or when it is evident that appellant’s counsel is not serious in advocating the view of law which he presents. Doyle v. Picadilly Cafeterias, 576 So.2d 1143 (La.App. 3 Cir.1991); Antis v. Miller, 613 So.2d 1034 (La.App. 3 Cir.1993).
There was no evidence presented that the appellant’s sole purpose was for delay or that appellant’s counsel did not take his claims seriously; therefore, appellee is not entitled to damages for a frivolous appeal.
IV.

CONCLUSION

For the foregoing reasons, the appellant, Sheriff Errol Romero, is not entitled to a fee or commission from either the plaintiff-creditor or the defendant-debtor.
Appellee, Aline Segura Tucker, is also not entitled to damages for a frivolous appeal.
All costs of these proceedings at the trial and appellate levels are taxed to Sheriff Errol Romero.
AFFIRMED.