STOULIG, Judge.
Appellant, Aetna Casualty and Surety Company (Aetna), has appealed a judgment awarding Karen Rebowe Raiford $7,592.96 and Albert D. Raiford $5,000 for general and special damages they incurred in an automobile accident on U. S. Highway 61 near Laplace, Louisiana, on June 2, 1974. Aetna, the uninsured motorist carrier under the Raiford policy, was cast in judgment solidarily with Willie M. Hines, the uninsured driver of the vehicle that struck plaintiff’s car. Aetna’s third party demand for indemnification from Hines was not disposed of in the judgment and this omission is specified as one of the complaints of error. Third party actions against the seller and manufacturer of the vehicle Hines was operating were dismissed based on a finding Hines failed to prove an alleged defect in the manufacture of the car that he claimed caused him to collide with plaintiff’s vehicle. Hines did not appeal.
The salient facts in this matter are that the defendant had consumed “two or three 14 ounce beers,” that morning and was en route from Alexandria to New Orleans when he lost control of his vehicle on U. S. Highway 61, hit a 5-inch concrete median separating the eastbound from the westbound lanes and then traveled 205 feet before colliding with another car proceeding eastward. Hines’ vehicle cut diagonally across the eastbound lanes, jumped the median and collided with the Raiford car that was approaching in the westbound lanes at a speed of 55 miles per hour. Raiford was attempting to slow his automobile when the collision occurred. This defendant had attempted to absolve himself from negligence by claiming that the loss of control of his vehicle was caused by a defect in its manufacture. He maintained as a result he was confronted by a sudden emergency and despite his efforts to do so he was unable to avoid striking the plaintiff’s car. The trial court concluded that the defendant failed to sustain his contention.
At the outset of argument, counsel for Aetna acknowledged that the award of quantum was the primary issue on appeal. Aetna’s complaint is twofold: (1) the $7,592.96 award to Karen Rebowe Raiford exceeds the policy limit of $5,000 per person; and (2) the awards to both plaintiffs are excessive.
The validity of the first specification of error with respect to quantum is evident from a stipulation in a pretrial order that Aetna’s maximum exposure is $5,000 per person and insofar as the judgment affects the insurer, the award for Karen Rebowe Raiford must be reduced to the policy limits.
Considering the injuries incurred by both plaintiffs, we do not think an award of $5,000 each constitutes an abuse of discretion vested in the trial judge by C.C. art. 1934(3). We limit our inquiry quoad exces-siveness of award to the $5,000 figure for which the insurer is liable in view of the fact that the co-defendant driver Willie Hines has not appealed or answered the appeal and the judgment against him therefore cannot be modified. Karen Raiford incurred a cervical sprain for which she was treated approximately two months and the symptoms did not completely subside until *353 some time thereafter. In addition, this plaintiff, who was 19 years old when the accident occurred, suffered facial lacerations. This collision occurred two months before her marriage to her co-plaintiff.
Albert Raiford suffered a back sprain that generated low back and left hip sprain that did not subside for several months. In addition he suffered a mild concussion. Accordingly we will amend the judgment to limit the insurer’s liability to the amount stipulated in its contract and affirm the judgment as amended.
Next, Aetna correctly points out it was entitled to a judgment of indemnification against the uninsured motorist, Willie Hines, and we will amend the judgment to correct this oversight.
Finally Aetna contends the trial judge erred in awarding two expert witnesses traveling expenses. The judgment is silent as to amount; however, two witnesses called by a third party litigant, General Motors, submitted affidavits at the judge’s instruction showing itemized expenses of $243.42. This included the cost of plane fare, lodging and food.
The rendition of judgment against Aetna for travel expenses is unauthorized by statute and therefore not recoverable. Kohlmeyer and Company v. Sobert, 273 So.2d 884 (La.App. 1st Cir. 1973). R.S. 13:3661, applicable to Louisiana residents, provides for travel expenses of five cents per mile for witnesses living more than 25 miles from the courthouse and for hotel and meal expenses at the rate of $5 per day. Last amended by Act 1961, No. 25 § 1, this anachronism is the only available statutory authority for fixing expert fees. Even were we to apply this authority to a nonresident of Louisiana, there is no evidence submitted to support a mileage award.
For the reasons assigned, the judgment appealed from is amended to decrease the award in favor of Karen Rebowe Raiford from $7,592.96 to $5,000 only insofar as it affects Aetna Casualty and Surety Company; and amended to award Aetna Casualty and Surety Company $10,000 against Willie M. Hines. It is further amended to delete the judgment for travel expenses to C. E. Becker and Robert A. Bailey only against Aetna Casualty and Surety Company. In all other respects the judgment appealed from is affirmed. Each litigant is to pay his own costs.

AMENDED AND AFFIRMED.