| íWALTZER, Judge.
Defendants appeal the trial court’s judgments taxing costs in favor of both the plaintiff and the sheriff of Plaquemines Parish. The trial court awarded the sheriff a commission of 6% (six percent) of the principal amount of the judgment or $293,600.34. By separate judgment, the trial court awarded cost to the plaintiff in the amount of $49,979.81.
STATEMENT OF THE FACTS AND HISTORY OF THE CASE
On 22 August 1994, Carlos Valdez, through his guardian Nestor Abuan, sued various defendants, Smedvig Tankships, Ltd., Smedvig Tankships (Agencies) Ltd., Smedvig Tankships Management Ltd., Smedvig Tankships, A.S., a/k/a Smedvigs Tankrederi, A.S., Peder Smedvig, A.S., Peder Smedvig Singapore PTE, Ltd., K.S. Smedvig Tankers V, and K.S. Smedvig Tankers VI. After trial of this admiralty claim, the trial court found for Valdez and awarded him damages. After appeal to this court, the award to Valdez was amended, and the damages totaled $4,893,339.00.
On the same day Valdez filed this suit, he requested a writ of attachment, and pursuant to the trial court’s order such a writ issued, and the sheriff of Plaquemines Parish seized a vessel belonging to defendants. The court ordered Valdez to furnish security in the sum of $250.00. Pursuant to Valdez’ motion, the trial court ordered the vessel released on 25 August 1994, substituting in its place a letter of undertaking.
On 9 April 1996, Valdez moved to tax costs, including witness fees and expenses. On 19 January 1999, Valdez and the sheriff of Plaquemines Parish moved to tax as costs the sheriffs commission, pursuant to LSA-R.S. 33:1428. On |⅞10 September 1999, the trial court awarded the sheriff a commission, totaling $293,600.34. On 28 September 1999, the trial court awarded Valdez costs totaling $49,979.81. Defendants have appealed the judgments awarding the sheriff his commission and Valdez his costs.
FIRST ASSIGNMENT OF ERROR: The trial court erred by awarding the sheriff his commission, under LSA-R.S. 33:1428, on the writ as a cost against defendants pursuant to LSA-C.C.P. art. 1920.
Valdez and the sheriff moved to recover the sheriffs commission from the defendants. The trial court awarded the sheriff the commission against the defendants as a cost of these proceedings. Defendants argue that only the plaintiff is responsible for payment of the commission to the sheriff, but Valdez argues that the commission can be taxed as a cost. We *830 must consider various legislative pronouncements.
LSA-C.C.P. art. 1920 provides;
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party as it may consider equitable.
LSA-R.S. 13:4533 provides;
The costs of the clerk, sheriff, witness fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.
LSA-R.S. 33:1428(A) provides, in pertinent part;
(13)(a) In all cases where the sheriffs have in their possession for execution of a writ of fieri facias, a writ of seizure and sale, or any conservatory or other writ under which property is or may be seized:
|a(i) When there has been an adjudication which is not completed as a result of instructions given by the plaintiff in writ or for any reason; or
(ii) When the plaintiff in writ receives cash, other consideration, or both pursuant to judgment rendered in suit in which the writ issued without the necessity of judicial sale; or
(iii) When the suit in which the writ is issued is discontinued by the plaintiff in writ; or
(iv) When at the request of the plaintiff in writ the writ is recalled or dissolved or its further execution discontinued; or
(v)When the parties in interest make an amicable settlement or compromise or enter into any other agreement under the terms of which the writ is recalled or dissolved or the further execution discontinued;
the sheriffs shall be entitled to receive a fee or commission as in the case of a sale.
(b) But in the discretion of the sheriffs and under circumstances satisfactory to them, they may modify or reduce any fee or commission due and payable under the provisions of this Paragraph. However, if the property is the debtor’s homestead exempt residence and there has been a settlement or compromise between the parties, the fee or commission shall be calculated on the amount of the settlement or compromise.
(c) The fees or commission provided for in this Paragraph shall be due and payable in every case by the plaintiff in writ and shall be due and payable under the circumstances above set forth even though there has only been a constructive seizure or where property seized under any of the writs herein-above enumerated has been released on bond.[1]
[Emphasis added.]
Moreover, LSA-33:1428 was amended by Acts 1999, No. 428, § 1, to provide, “The fees or commissions provided for in this Section may be taxed as costs of court pursuant to Code of Civil Procedure Article 1920.” In light of LSA-13:4533, we find no error in the trial court’s conclusion that the 1999 amendment to LSA-R.S. 33:1428 is interpretative *831 legislation. We will consider the statute as amended.
14The parties contest neither the existence of an obligation owed to the sheriff nor the amount of the commission ordered by the trial court.[2] On appeal, we are concerned with who must pay the sheriffs fee. When statutes are clear and unambiguous, no further inquiry may be made into legislative intent. Courts must apply the law as written, unless the application would lead to absurd consequences. LSA-C.C. art. 9; Tarver v. E.I. Du Pont De Nemours and Company, 93-1005 (La.3/24/94), 634 So.2d 356, 358.
LSA-C.C. art. 9 is the Louisiana enactment of the “plain meaning rule” that “[w]hen the intention of the legislation is so apparent from the face of the statute that there can be no question as to its meaning, there is no room for construction.” Louisiana Municipal Association v. State of Louisiana, 2000-0374 (La.10/9/00); 773 So.2d 663, 669, quoting Norman J. Singer, Statutes and Statutory Construction § 46.01 (6th ed. 2000). Varying from the literal language of a statute and finding “room for construction” or interpretation of the statute is done infrequently by courts and only under limited circumstances. A “court may consider the spirit and reason of a statute where the literal meaning ... would defeat the clear purpose of the lawmakers.” Id. quoting Curatorship of Parks, 210 La. 63, 26 So.2d 289, 292 (1946), citing Earl T. Crawford, The Construction of Statutes § 178 (1940).
Valdez argues that although LSA-R.S. 33:1428 obligates him to pay the sheriffs commission, that the trial court properly shifted this cost to the defendants. In the present case, a literal interpretation of LSA-R.S. 33:1428 would | RaIlow a court to tax as cost the sheriffs commission, but in certain limited circumstances, the “plaintiff in writ” would be required to pay and then presumably the court could tax the fee as cost. The Legislature intended to insure that the sheriff was paid his fee or commission. LSA-R.S. 33:1428. Those fees are clearly taxable as costs of litigation. LSA-R.S. 13:4533 and LSA-33:1428(C). A literal reading of the statute allows the sheriff to recover his fee or commission from the party or parties taxed with costs generally but only from the “plaintiff in writ” in limited circumstances. We do not believe the Legislature intended the sheriffs ability to recover his fee be so limited.
The defendants argue that the Supreme Court decided this issue in a prior decision. Tucker v. Fowler, 95-1649 (La.2/28/96); 668 So.2d 718. In Tucker, the trial court denied the sheriffs motion to tax costs, including a commission, for his service of a writ of fieri facias, requested by the plaintiff, after judgment for the plaintiff went unpaid. However, the writ did not yield any money to satisfy the judgment, since the seized bank account contained no funds. After the appeals court affirmed, the Supreme Court reversed holding that “the legislature has expressly stated that once a writ of fieri facias, a writ of seizure and sale, or any conservatory or other writ under which property may be seized is issued, and a sheriff obtains possession of it, his right to collect a commission on the payment made to the plaintiff in writ attaches.” Tucker, supra at 720. Moreover, the Court declared that “With regard to which party is *832 liable for payment,” the language of LSA-R.S. 33:1428(A)(13)(c) “makes the plaintiff in writ unquestionably liable for both fees and the commission.” Id.
| ^Valdez argues that Tucker is not applicable, since the plaintiff, Tucker, did not move to tax costs. We believe Tucker is distinguishable since the plaintiff, Tucker, executed a satisfaction of judgment before the sheriff moved to tax costs.
We find no error in the trial court’s judgment, taxing the cost of the sheriffs fee and commission against the defendants.
SECOND ASSIGNMENT OF ERROR: The trial court erred by failing to find that the sheriffs commission for the non-resident attachment violated the United States Constitution’s Commerce Clause, Article 1, Section 8, Clause 3.
In opposition to the sheriffs motion to tax cost, defendants argued in their memorandum that the fee and commission were an unconstitutional tax on interstate commerce in violation of the United States Constitution. Although there is no single procedure or type of proceeding for challenging the constitutionality of a statute, the longstanding jurisprudential rule is that the statute must first be questioned in the trial court and the unconstitutionality of the statute must be specifically pleaded. Rodgers v. James River II, Inc., 94-1807 (La.App. 4 Cir. 9/28/95), 661 So.2d 173, 176, citing Vallo v. Gayle Oil Co., Inc., 94-1238 (La.ll/3Q/94), 646 So.2d 859, 864-65. Accordingly, the unconstitutionality of a statute must be specifically pleaded in a petition, an exception, a motion, or answer and “cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings.” Id. Moreover, although the attorney general is not an indispensable party, he should be served a copy of the pleading, contesting the constitutionality of a statute. Id. The constitutionality of the statute is not in a proper posture for this court’s review. The defendants raised the question of constitutionality in a memorandum in opposition to the sheriffs motion to tax cost. In addition, the defendants did not serve or notify the Attorney General of the 17constitutional challenge, so that the Attorney General could elect whether or not to exercise his statutory right to represent the state’s interest in the proceeding. LSA-R.S. 49:257(B).
THIRD ASSIGNMENT OF ERROR: The trial court erred by awarding Valdez costs, totaling $49,979.81.
Defendants complain that the trial court erred by awarding costs to Valdez for various witness fees and expenses. Such awards of costs are reviewed for an abuse of discretion by the trial court. Bergman v. Nicholson Management and Consultants, Inc., 594 So.2d 491, 500 (La. App. 4 Cir.1992).
Defendants complain about the award of costs associated with several expert witnesses. LSA-R.S. 13:3666 provides, in pertinent part;
A. Witnesses called to testify in court only by an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the time employed and the degree of learning or skill required.
B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
,(1) From the testimony of the expert relative to his time rendered and the *833 cost of his services adduced upon the trial of his cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
(2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
C. In either manner provided in Subsection B, the court shall also determine and tax as costs, to be paid by the party cast in judgment, the reasonable and necessary cost of medical reports and copies of hospital records.
[Emphasis added.]
| .¡Defendants complain about the excessiveness of the award for Dr. Michael Howard’s expert witness fee for trial in the amount of $6,566.00. Factors to be considered by the trial judge in setting an expert witness fee include time spent testifying, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments and skill of the expert. Albin v. Illinois Central Gulf Railroad, 607 So.2d 844, 845-846 (La. App. 1 Cir.1992). Additional considerations include helpfulness of the expert’s report and testimony to the trial court, the amount in controversy, the complexity of the problem addressed by the expert and awards to experts in similar cases. Id. Dr. Howard stated, without objection by the defendants, that the fee for his trial testimony totaled $2,500.00 and that he spent twenty-three hours, at $175.00 per hour, reviewing medical records in preparation for trial. After reviewing the record, we find no evidence from which to conclude that the trial court abused its discretion in awarding as cost $6,566.00 for Dr. Howard’s fee.
Defendants complain that the trial court erred in awarding plaintiff the cost, associated with the fees and expenses, of Dr. Eduardo Maaba. The trial court awarded Valdez $1,500.00 for Dr. Maaba’s fee and $2,808.77 for his travel expenses. Defendants complain that Dr. Maaba’s deposition should have been used in place of live testimony, that plaintiff could have used a local expert in psychiatry, and that the award was excessive. We find no authority for the requirement that a party substitute a deposition for a witness’s testimony at trial. However, because there is no statutory authority for the award of the travel expenses of foreign witnesses, we reverse that portion of the award of the cost of Dr. Maaba’s trip from the Philippines. Myers v. Broussard, 96-1634 (La.App. 3 l9Cir. 5/21/97), 696 So.2d 88, 102, citing Rebowe v. Hines, 343 So.2d 351, 353 (La.App. 4 Cir.1977). We find no error in the trial court’s award of Dr. Maaba’s fee.
Defendants argue that the trial court erred in the award of costs associated with the testimony of Dr. Eugenio Alcazaren. The trial court awarded Valdez $4,054.00 as Dr. Alcazaren’s witness fee and travel expenses. Dr. Alcazaren traveled from Florida to testify at trial. Although we are not convinced from the record that the trial court abused its discretion in awarding Valdez the cost of Dr. Alcazaren’s fee, we do not believe any statutory authority exists for the award of the travel expenses of a foreign witness. Myers, supra at 102. We do not believe the trial court abused its discretion in awarding Valdez the cost of Dr. Alcazaren’s fee, totaling $3,425.00. We amend the judgment to reduce the award by the travel expenses of $629.00.
*834 Defendants complain that the cost of the fee awarded for the testimony of Dr. Jerry Householder was excessive. After reviewing the record, we do not find that the trial court abused its discretion in awarding this expert’s fee, totaling $8,000.00, for his preparation and testimony at trial.
Defendants argue that the trial court abused its discretion in awarding Elizabeth Tan’s fee, $750.00, and travel expenses, $2,808.77, for her testimony at trial.[3] For the above reasons, we reverse the judgment awarding the travel expenses of this foreign witness. However, we affirm the award of this witness’ fee.
l10We are asked to reverse the award of travel expenses associated with a trip by two expert witnesses to the Philippines in preparation for trial. We find no statutory authority for the award of travel expenses of expert witnesses. LSA-R.S. 13:3666 and Myers, supra at 101. We reverse the judgment awarding Valdez the costs of Dr. Howard’s trip to the Philippines, or $2,670.00, and Dr. Alcazaren’s trip to the Philippines, or $4,036.00.
Defendants complain that the trial court erred in awarding costs for reports prepared by Dr. Howard in February 1994, before Valdez filed suit, and April 1995. Because the record convinces us that Dr. Howard prepared these reports as part of Valdez’ “medical examination and treatment,”[4] we believe the trial court abused its discretion awarding the cost of these reports to Valdez. Dyson v. Travelers Insurance Company, 256 So.2d 468, 469 (La.App. 4 Cir.1972). Therefore, we reverse the judgment, in part, reducing the award of costs by the expense of these reports, $4,429.15.
CONCLUSION
For the reasons discussed above, we reverse the judgment in part and affirm in part. We affirm the judgment awarding the sheriff an amount, totaling $293,600.34, against defendants. We reverse that portion of the award of the cost of Dr. Maa-ba’s trip from the Philippines, an amount totaling $2,808.77. We amend the judgment to reduce the award by the travel expenses of $629.00. We reverse the judgment awarding the travel expenses of Elizabeth Tan, a foreign witness, in amount totaling $2,808.77. We reverse the judgment awarding Valdez the costs of Dr. Howard’s trip to the Philippines, or $2,670.00, and Dr. Alcazaren’s | ntrip to the Philippines, or $4,036.00. We reverse the judgment, in part, reducing the award of costs by the expense of these reports, $4,429.15.
REVERSED IN PART AND AFFIRMED IN PART.

. There is an exception to the rule that the plaintiff in writ must pay the sheriff's fees in the instances provided in LSA-R.S. 33:1428(13). Tucker, infra at Ftn. 3. When no judgment is rendered and the parties settle, the parties are liable in solido for the fee. LSA-R.S. 33:1428(13)(d).

. Moreover, we are cognizant’of the discretion afforded sheriffs in such cases where a fee is allowed under LSA-R.S. 33:1428(13) to "modify or reduce” the obligation of the plaintiff in writ. We are mindful of this discretion and the inherent difference between such a commission and fixed costs.

. In the trial court judgment, this witness is referred to as Sylvia Tan, but in every other portion of the record she is referred to as Elizabeth Tan.

. Valdez does not contest this fact.