Dear Sheriff Jones:
You have requested an opinion of the Attorney General regarding whether a three percent commission due the sheriff on the sale of immovable property provided for in La. R.S. 33:1428 constitutes "court costs" contemplated by La. R.S. 13:4521(A), thereby exempting a public entity from payment of the commission should the public entity be the successful bidder at the sheriff sale. According to your request the Washington Parish Government filed a suit for executory process against Breedlove Farm, L.L.C., with a writ of seizure being issued and a sale date scheduled pursuant to the writ.
La. R.S. 33:1428 provides for a three percent commission due the sheriff on the sale of immovable property based on the price of adjudication and states, in pertinent part, the following:
 A. Sheriffs, except in the parish of Orleans, shall be entitled to no more than the following fees and compensation of office in all civil matters:
 (7)(a) For commission on sales of property made by the sheriffs, three percent shall be allowed on the price of adjudication of immovable property, and six percent shall be allowed on the price of adjudication of movable property.
La. R.S. 13:4521(A) exempts the parish from the payment of "court costs" instituted by or against the parish and states, in pertinent part, the following:
 A. (1) Except as provided in R.S. 13:5112, R.S. 19:15 and 116, and R.S. 48:451.3, and as hereinafter provided, neither the state, nor any parish, municipality, nor other political subdivision, public board, or commission, nor any officer or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision, board, or commission, in *Page 2 
any court of this state or any municipality of this state, including particularly but not exclusively those courts in the parish of Orleans and the city of New Orleans.
This office has issued several opinions that examined what constitutes court costs, two of which related to the exemption from court costs provided for in La. R.S. 13:4521. In Attorney General Opinion Number 81-913, our office, in determining that the Department of Public safety was not exempt under La. R.S. 13:4521 from paying the costs of filing certifications in photo electric intoximeter machines with the clerk of court, opined that "[a]s a general rule, court costs must bear a close relation to the actual expenses of prosecution and do not include general expenses of maintaining a system for criminal prosecution." The costs of filing certifications in photo electric intoximeter machines did not bear a close relation to the actual prosecution and therefore, were not regarded as a court cost within the meaning of R.S. 13:4521, such as to exempt the Department of Public Safety from payment.
In Attorney General Opinion Number 86-157, our office concluded that, unlike the costs of filing certifications in photo electric intoximeter machines, the costs associated with blood, urine and breath analysis had a close relation to the expenses of prosecution and therefore constituted a special cost of court to be borne by the convicted defendant as provided for by R.S. 13:4553. This provision provides that, "The costs of the clerk, sheriff, witness fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs."
In Attorney General Opinion Number 93-379 our office opined that the exemption provided by R.S. 13.4521(A) applies only to "active judicial proceedings." The opinion involved a request for copies of court documents by a party covered by the exemption. The requestor argued that the cost of copying the documents should constitute a cost of court and, as an exempt party under R.S. 13:4521A, no payment for copying was authorized. Our office opined that, "the exemption contained in R.S.13:4521(A) would only apply to those costs, including copies, related to an active judicial proceeding. We do not believe that the exemption would continue to apply to exempt the costs of copies after a judicial proceeding has been closed." Accordingly, once a judicial proceeding has been closed, the exemption would no longer apply and the party who is otherwise exempt under the statute would not be allowed unlimited free copies of court records. However, if the copies requested are to be used in another active judicial proceeding then the exemption would apply.
In accord with the above opinions, in order to determine whether the three percent commission due the sheriff on the sale of immovable property provided for in R.S. 33: 1428 constitutes a "court cost" contemplated by R.S. 13: 4521(A), the cost must bear a close relation to the actual expenses of prosecution and must be related to an active judicial proceeding. *Page 3 
The seizure and sale of property is clearly a judicial proceeding, the culmination of which is the sale and transfer of ownership of the seized property.[1] The commission clearly bears a close relation to the actual expenses of prosecution and he proceeding remains active and open until the sheriff receives his commission and issues a deed to the buyer. Since the proceeding remains open until that time, all costs that accrue, including any commission due the sheriff, are considered court costs.
Additionally, our jurisprudence has addressed the issue of whether a sheriffs commission is considered a court cost or not. In Valdez v.Amedvig Tankships, Ltd, 786 So. 2d 827 (La.App. 4 Cir. 2001), a case that involved a sheriff seizing a vessel to satisfy an admiralty claim, the court was faced with the issue of whether the sheriff's fee and commission could be taxed as costs against the vessel owners. In its interpretation of La. R.S. 33: 1428, the court held that the sheriffs fees and commission "are clearly taxable as costs of litigation" and accordingly, taxed the cost of sheriff's fees and the commission against the defendant vessel owners. Id at 831, 832.
It is therefore the opinion of this office that the Washington Parish Government suit for executory process constitutes a judicial proceeding and any commission due the sheriff pursuant to La. R.S. 33:1428 which accrues during the proceeding bears a close if not direct relation to the actual expenses of prosecution. It is the further opinion of this office that any commission due under La. R.S. 33:1428 constitutes court costs and the parish, in accordance with La. R.S. 13:4521(A), is exempt from payment of the commission should the parish be the successful bidder at the sheriff sale.
If you have any questions or comments, please do not hesitate to contact our office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 RICHARD L. MCGIMSEY
 Assistant Attorney General
 CCFjr/RLM/dam
[1] La. C.C.P. Art. 2631 La. R.S. 10:9-601