JAMES F. McKAY III, CHIEF JUDGE
hThe facts giving rise to this case arise out of the New Orleans Building Corporation’s (NOBC) decision to award the lease to redevelop the World Trade Center site located at 2 Canal Street in New Orleans, Louisiana to Carpenter & Company, Inc. and Woodward Interests, LLC (they plan to turn the building into a Four Seasons Hotel). Two Canal Street Investors, Inc. (TCSI) was another bidder for the lease. TCSI’s proposal was ranked last and it was not selected.
After its bid was rejected, TCSI was sold by its owners, Steven Peer and A1 Thompson, Jr., to Stuart Fisher for ten dollars on April 18, 2015. On April 23, 2015, TCSI filed a petition seeking a declaratory judgment that the selection process used by the NOBC was invalid; the *614 petition was later amended to add claims for a temporary restraining order and further injunctive relief.[1] The trial court denied injunctive relief to TCSI. This Court affirmed finding that “the record is life with evidence that the NOBC through the selection committee reasonably assessed the submissions based on the criteria set forth in the RFP,” and “the Lease Agreement with Carpenter/Woodward provides a fair and equitable return of ^revenue to the City.” Two Canal Street Investors, Inc. v. New Orleans Building Corp,, 2015-0924 (La.App. 4 Cir. 4/20/16), 193 So.3d 278.
In September 2015, the defendants discovered that Mr. Fisher was the owner of TCSI and began efforts to take his deposition. However, TCSI refused to produce Mr. Fisher even after the trial court compelled his deposition. On May 12, 2016, the defendants filed their first motion to dismiss and for sanctions. After argument on the motion but before the trial court could rule, this Court granted an emergency writ filed by TCSI and vacated the underlying order compelling Mr. Fisher’s deposition. Two weeks later, this Court reconsidered and reinstated the order compelling Mr. Fisher’s deposition. Two Canal Street Investors, Inc. v. New Orleans Building Corp., 2016-0825 (La.App. 4 Cir. 9/23/16), 202 So.3d 1003.
On September 29, 2016, the defendants again noticed Mr. Fisher’s deposition for October 19, 2016. However, on October 6, 2016, Mr. Fisher purported to resign as president of TCSI and appoint someone named Amjed Neil (or something similar to this name) from Jordan as president.[2] Mr. Fisher also purportedly transferred all of his stock in TCSI to others. The trial court took this as a means to circumvent the order to compel.
On October 10, 2016, TCSI’s attorneys (the Davallier Law Group L.L.C. and Che-hardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, LLP) filed a motion to withdraw as counsel of record. On October 13, the trial court held a status conference. Counsel for TCSI, counsel for the defendants, and Mr. Thompson as the registered agent and secretary of TCSI all attended. At that time! a the trial court made known that it would hold a contradictory hearing on the motion to withdraw on October 20, 2016. TCSI offered no objection to letting the lawyers withdraw. The attorneys presented several communications between them and TCSI which the court reviewed in camera. Thereafter, the trial court found there was good cause and granted the motion to withdraw.
After granting the motion to withdraw, the trial court conducted a status conference to set a trial date pursuant to La. R.S. 41:1215(D)(3)(b), which provides that trial must be held within sixty days of filing of a lawsuit. The trial court held that the sixty days under the statute should run from September 23, 2016, the date the case was remanded to the trial court, and set the trial date for November 21, 2016. The trial court also issued an order setting defendants’ no right of action exception hearing on November 7, 2016. The trial court further ordered that any writs to review the selection of the trial date or the exception hearing date had to be filed on or before October 27, 2016. Mr. Thompson was present when the court issued these dates and TCSI received notice.
*615 On November 7, 2016, TCSI failed to appear at the hearing on the exception; a fax was sent to the trial court by Mr. Fisher saying that TCSI was in the process of retaining new counsel and asking for a continuance. Mr. Fisher is not a Louisiana attorney and the request for a continuance was not in proper form so the court did not consider it. TCSI also did not appear at the November 21, 2016 trial date. On November 21, 2016, the trial court issued a written judgment dismissing TCSI’s suit with prejudice pursuant to La. C.C.P. art. 1672. The trial court also granted the defendants’ exception of no right of action. The trial court further granted the defendants/intervenors’ motion to dismiss and motion for sanctions with prejudice pursuant to La. C.C.P. art. 1471. On November 30, 2016j 4 the law firm of Varadi, Hair & Checki LLC enrolled as counsel for TCSI and filed an appeal of the trial court’s judgment.[3]
On appeal, TCSI raises the following assignments of - error: 1) the trial court abused its discretion by granting the motion to withdraw as attorneys of record, filed by the Davillier Law Group, L.L.C. and Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, LLP; 2) the trial court violated plaintiffs due process rights by contemporaneously granting the motion to withdraw and setting a trial date; 3) the trial court violated plaintiffs due process rights by incorrectly applying La. R.S. 41:1215(D)(3)(c) to this case; and 4) the court abused its discretion when it granted Carpenter-Woodward’s motion to dismiss and for sanctions.[4]
The question of withdrawal of counsel largely rests with the discretion of the trial court, and its ruling will not be disturbed in the absence of a clear showing of abuse of discretion. State v. Brown, 2003-0897, p. 6 (La. 4/12/05), 907 So.2d 1, 14; State v. Leger, 2005-0011, p. 43 (La. 7/10/06), 936 So.2d 108, 142. Furthermore, a trial court may allow an attorney to withdraw for “good cause.” La. Dist. Ct. R. 9.13(f).
TCSI’s former attorneys filed a motion to withdraw on October 10, 2016, citing a “difference of opinion” with TCSI and “other good cause” as the reasons for its withdrawal. At an October 13, 2016 status conference, the trial court set a contradictory hearing on TCSI’s former attorneys’ motion on October 20, 2016R Mr. Thompson, as TCSI’s corporate secretary and agent for service of process, was present in court and expressly informed of the hearing date.
In considering whether withdrawal was appropriate, the trial court considered not only the arguments set forth in TCSI’s former attorneys’ memoranda, but also two communications between TCSI and their former attorneys that the attorneys submitted to the court for an in camera review without objection by TCSI. After oral argument and an in camera review of the aforementioned communications, the trial court found that TCSI’s former attorneys could not continue to represent TCSI, that the former attorneys were in an “untenable situation” in which their recommendations had not been followed, and that there was “good cause” for the former attorneys’ withdrawal. We also note that *616 TCSI knew by October 3, 2016 at the latest that its former counsel was seeking to withdraw and, in any event, had another thirty-two (32) days from the date of withdrawal (October 20) to retain alternate counsel before trial. Accordingly, we find no abuse of discretion in the trial court’s allowing TCSI’s former attorneys to withdraw. Likewise we find no merit in TCSI’s due process argument considering the fact that Mr. Thompson had actual notice and the amount of time that passed between the trial court’s granting of TCSI’s former attorneys’ motion to withdraw and the trial date.
With regards to TCSI’s assertion that applying revised La. R.S. 41:1215 to its lawsuit “puts due process rights at risk,” it is well settled that a challenge to the constitutionality of a statute, whether a facial attack or an “as applied” challenge, must be specifically pleaded in the trial court and cannot be raised in the first instance in an appellate brief. See Abuan ex rel. Valdez v. Smedvig Tankships, Ltd., 2000-1120, p. 4 (La.App. 4 Cir. 4/11/01), 786 So.2d 827, 832. The unconstitutionality of a statute must be specifically pleaded in a petition, an exception, a motion, or answer and cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings. Id. Therefore, because TCSI failed to raise its constitutional due process challenge in the trial court, this Court will disregard this assignment of error.
Even if a constitutional challenge to La. R.S. 41:1215 as amended was properly before this Court, the statute was properly applied and did not deprive TCSI of due process. The trial court’s finding that the expedited trial and appeal process mandated by the revised version of La. R.S. 41:1215 should be applied to the pending case was directed by the plain language of section 3 of 2016 Louisiana Acts, No. 516, which amended La. R.S. 41:1215. Section 3 of Act 516 states “[t]he provisions of this Act shall be applicable to all leases entered into by public benefit corporations after the effective date of this Act.” TCSI concedes that its suit was pending at the time Act 516 was enacted and La. R.S. 41:1215 was amended.
We will now address the trial court’s granting of the motion of dismissal of TCSI’s case with prejudice and for sanctions. On April 18, 2015, Mr. Peer and Mr. Thompson sold their rights in TCSI to Mr. Thompson for ten dollars. TCSI, under Mr. Fisher’s direction, filed this lawsuit five days later on April 23, 2015. The trial court found that when Mr. Fisher bought the rights to TCSI, it was not a valid corporation, that Mr. Fisher did so for the purpose of filing this lawsuit to extract money from the defendants, and that this constituted an “abuse of process.” At the time of the trial court’s November 21, 2016 judgment of dismissal, TCSI still had no board, no stock, no by-laws, and no bank account, and it was still under the complete control of Mr. Fisher, TCSI’s sole shareholder and director. Mr. LFisher falsely represented to Mr. Thompson that there was a management committee following Mr. Fisher’s purchase of TCSI. Likewise, Mr. Fisher’s statement that there were other stockholders in TCSI was a fabrication. Therefore, Mr. Thompson’s prior representation that Mr.. Fisher no longer had an ownership interest in TCSI as of October 13, 2016, was false.
TCSI contends that “just because [Mr. Thompson] did not produce documents with the specific information Defendants-counsel was hoping for does not affect TCSI’s legal status.” However, the documents were subpoenaed from TCSI, not Mr. Thompson, and Mr. Thompson could not produce corporate documents that never existed. Further, Mr. Thompson testi- *617 fled that TCSI issued no stock, had no regular or recorded board meetings, had no management committee, filed no tax returns, and had no by-laws, no bank accounts and no assets. The mere fact that TCSI is registered as a Louisiana corporation does not change the fact that it has failed to follow the established norms of corporate status, and instead proves that it is a corporation in name only. Based on these facts, the trial court correctly held that TCSI’s corporate form should be disregarded in the interest of justice and equity by weighing the interest being protected by preserving the corporate form versus the harm in permitting the corporate form to be abused, and it was proper to pierce the corporate veil. See Glazer v. Comm’n on Ethics for Pub. Employees, 431 So.2d 752, 757 (La. 1983).
La. R.S. 41:1215 provides a right of action to appeal a lease award by a public benefit corporation only to a “person or other entity ... unsuccessful in the bid.” Thus, the statute expressly prohibits Mr. Fisher, individually or through his alter ego, TCSI, from filing a lawsuit because he had no interest or involvement in the RFP/ RFQ process. “[A]n action can be brought only by a person having a real| s and actual interest which he asserts.” La. C.C.P. art. 681. If the plaintiff has no interest in the litigation, he has no right of action, and the suit may be dismissed pursuant to a peremptory exception. La. C.C.P. art. 927(6). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. State in Interest of K.C.C., 2015-1429 (La. 1/27/16), 188 So.3d 144. Accordingly, if a plaintiff does not have an interest in the litigation, his suit must be dismissed with prejudice.
For the above and foregoing reasons, we affirm the judgment of the trial court. The trial court had grounds to dismiss the plaintiffs case under Louisiana Code of Civil Procedure Articles 927, 1471, and 1672.
AFFIRMED
LEDET, J„ CONCURS WITH REASONS

. The lawsuit also named the City of. New Orleans and Mary Kay Kleinpeter-Zamora as defendants. Carpenter & Company, Inc., Woodward Interests, LLC, and their affiliate, Two Canal Owner, LLC, later intervened in the lawsuit.

. Mr, Fisher again became president of TCSI after the threat of being deposed was no longer on the table.

. . The final judgment and appellate review of the decision was expedited under La. R.S. 41:1215(D)(3)(c).

. In its original brief, filed on January 13, 2017, the appellant only includes the first three assignments of error. The fourth assignment of error does not appear until January 17, 2017, when the appellant filed an amended brief and after the appellees had filed their brief.