JASPER E. JONES, Judge.
This appeal arises from the judgment creditors’ effort to enforce their judgment through a garnishment proceeding. The appellants-judgment creditors appeal an amended judgment which ordered the garnishee to remit the seized funds to the sheriff rather than to the judgment creditors’ attorneys as was provided in the original judgment. Finding that this appeal has merit we annul the amended judgment and reinstate the original judgment.
The appellants, Francis and Marcelyn Stevens, obtained a judgment in Shreveport City Court against Lula B. Lockett for $6,369.09 plus interest, attorney’s fees, and court costs. They then filed a petition in 26th Judicial District Court, Webster Parish, and had the judgment made executory, obtained a writ of fieri facias and filed a garnishment. The garnishee, Morton Thiokol, Inc., answered the interrogatories stating that Lockett was employed at its plant. The district judge then signed a “Judgment Against Garnishee” ordering the garnishee to pay to the seizing creditors’ attorneys the sums deducted from Lockett’s salary under the judgment.
On September 1, 1987, the sheriff of Webster Parish filed a rule to amend the judgment to require the garnishee to pay the seized funds to his office. The district judge rendered judgment in favor of the sheriff and the amended judgment was signed. This appeal followed.
The appellants contend the district judge erred in amending the judgment. They argue the payments are properly made to the seizing creditor and that the sheriff’s attempt to have the judgment amended is no more than an unwarranted effort by him to obtain a windfall through the commission. The sheriff argues that the amendment is proper and that the commission collected by his office in a garnishment of wages is fully justified.[1]
*690 The issue here is whether a judgment ordering the garnishee in a garnishment of wages or salaries to pay the seized funds directly to the seizing creditor is incorrect.
LSA-C.C.P. art. 2415 provides that the garnishee is to pay the seized property to the sheriff. However, Article 2415 also specifically provides that it “does not apply to garnishment of wages, salaries, or commissions.”
The appellants contend its position is supported by the provisions on garnishment of wages and salaries. LSA-R.S. 13:3921 A provides:
§ 3921. Judgment fixing portion subject to seizure, payment to creditor and processing fee
A. In every case in which the wage or salary of a laborer, wage earner, artisan, mechanic, engineer, fireman, carpenter, bricklayer, secretary, bookkeeper, clerk, employee on a commission basis, or employee of any nature and kind whatever, whether skilled or unskilled, shall be garnished either under attachment or fieri facias or as otherwise provided by law, a judgment shall be rendered by the court of competent jurisdiction in which the garnishment proceedings may be pending fixing the portion of such wage, salary, commission, or other compensation as may be exempt, as provided by law, and providing for the payment to the seizing creditor of whatever sum for which judgment may be obtained, out of the portion of such compensation which is not exempt.
LSA-R.S. 13:3923 provides in part:
... the court shall render judgment for the monthly, semimonthly, weekly or daily payments to be made to the seizing creditor ... [emphasis added]
These provisions strongly support the appellants’ position that they were entitled to have the garnishee make payment directly to their attorney as was provided for in the original judgment. The correctness of appellants’ position is made more apparent by the provisions of LSA-C.C.P. art. 2415 which provides for payment to the sheriff by the garnishee but which contains the specific exception that the article “does not apply to garnishment of wages, salaries or commissions.”
We conclude the original “Judgment Against Garnishee” was correct and the district judge erred in amending it. We annul the amended judgment and reinstate the “Judgment Against Garnishee” signed March 13, 1987. The costs of this appeal are taxed against the appellee, Royce McMahen, Sheriff and Ex-Officio Tax Collector of the Parish of Webster, State of Louisiana.

. Inherent in both parties' arguments is the assumption that the seized funds must be paid to *690 the sheriffs office in order for the sheriff to be entitled to a commission. We observe that this assumption appears to be. incorrect for the following reasons.
LSA-R.S. 33:1428 A(13)(a)(ii) provides:
A. Sheriffs shall be entitled to no more than the following fees and compensation of office in all civil matters:
[[Image here]]
(13)(a) In all cases where the sheriffs have in their possession for execution a writ of fieri facias, a writ of seizure and sale, or any conservatory or other writ under which property is or may be seized:
[[Image here]]
(ii) When the plaintiff in writ receives cash, other consideration, or both pursuant to judgment rendered in suit in which the writ issued without the necessity of judicial sale, or
[[Image here]]
the sheriffs shall be entitled to receive a fee or commission as in the case of a sale.
Thus, the sheriff is entitled to receive his commission on sums paid directly to the seizing creditor through a garnishment of wages or salary. Further, the sheriff is entitled to a commission on the entire amount paid under the garnishment because his initial service of the garnishment papers constitutes a seizure of both the accrued and future earnings of the judgment debtor. Owen v. Owen, 335 So.2d 529 (La.App. 2d Cir.1976); Dunckelman Distributing Company, Inc. v. Hyde, 334 So.2d 236 (La.App. 2d Cir.1976), writ refused, 338 So.2d 294 (La.1976).