_|jLUCIEN C. BERTRAND, Jr., Judge, Pro Tern.
This appeal stems from a foreclosure proceeding instituted by the Farmers Home Administration of the United States Department of Agriculture (FmHA) against Charles and Linda Carrington. The dispute before us is between the FmHA and the Rapides Parish Sheriffs Office over the commission due the sheriff for services performed during the pendency of the foreclosure proceeding. After considering La.R.S. 33:1428 and the arguments presented by each side, we affirm the judgment rendered in favor of the FmHA.
The Carringtons obtained an FmHA loan in 1981 for the purchase of a home. By 1992, the Carringtons had moved out of the home and were delinquent in their payments on the note. The FmHA sought recognition of its mortgage and an in rem judgment |2against the property, which was granted after confirmation of the Carringtons’ default. Subsequently, the property was seized by the sheriff pursuant to a writ of fieri facias in the amount of $46,086.97.
Prior to the sheriffs sale which was scheduled for June 23, 1993, the property was sold privately to a third party for $10,000, its 1992 appraised value. The FmHA accepted the $10,000 in full satisfaction of the Carringtons’ debt and asked the sheriffs office to cancel the June 23 sale and return the writ marked “satisfied.” The FmHA then tendered a check to the sheriff for costs and a 3% commission, calculated on the $10,000 proceeds from the private sale of the property. When the sheriff refused to accept the tendered payment of $513.02, the FmHA filed a mandamus petition and rule to fix the sheriffs fee. Judgment was rendered in favor of the FmHA, commanding the sheriff to calculate his commission based on the $10,000 sale of the property.
The sheriff contends that he is entitled to a 3% commission on the face amount of the writ because the creditor has stated that the writ is fully satisfied. He relies on La.R.S. 33:1428(A)(13)(a) which provides for the sheriff who has issued a writ to receive a fee “as in the case of a sale,” when the sale, for certain enumerated reasons, has been can-celled. The sheriff argues that the phrase, “as in the case of a sale,” refers to full satisfaction of the debt due as stated on the writ, and therefore his fee should be calculated on that amount. He argues that because it is impossible to determine what the property would have sold for at a sheriffs sale, the proper figure to use is the amount of the debt owed, as stated on the writ. In this case, the sheriffs invoice to the FmHA was in the amount of $1,595.63.
*661 ^Additionally, the sheriff also argues that because he is authorized by La.R.S. 33:1428(A)(13)(b) to negotiate and accept a lesser fee, at his discretion, he can necessarily refuse to accept a lesser fee as' in the case herein. This argument has no merit because what the FmHA has offered is a statutory fee calculated on sale proceeds rather than on the amount of the debt stated in the writ. No lesser fee was negotiated or offered. Further, the sheriff’s argument that he is entitled to a minimum of $1,500 under La.R.S. 33:1428(A)(7)(c) is not supported by the statutory language used therein.
Conversely, the FmHA argues that the phrase, “as in the ease of a sale,” refers to the price for which the property was actually sold, even though the sale was not a sheriff’s sale. The FmHA contends that in this case the property would not have sold at a sheriffs sale for more than its appraised value, and the FmHA, holding only an in rem judgment, would have been unable to recover the deficiency.
There is no jurisprudence interpreting the pertinent portion of La.R.S. 33:1428. We agree, however, with an opinion of the attorney general issued in 1959 which states:
[T]he sheriff is entitled to collect his statutory commission from the creditor, based on the amount actually received by the creditor, even though the property was sold privately and not at sheriffs sale.
Op.Atty. Gen. 1958-60, p. 318-19. Anything more would be a windfall to the sheriff, and serve as a penalty to the creditor for attempting to expediently conclude the matter. The FmHA’s debt was considered satisfied upon receipt of the appraised value of the property, and the sheriffs commission must be calculated with reference to the sale price at that appraised value because that was the amount actually received by the creditor.
For the foregoing reasons, the judgment of the trial court is affirmed at the sheriffs costs.
AFFIRMED.