hVICTORY, Justice.
We granted certiorari to determine whether a sheriff is entitled to a commission, under La.R.S. 33:1428(A)(13)(a)(ii), when a writ of fieri facias is issued and a notice of seizure is executed, but no assets or funds are seized *719 by a sheriff and the judgment debtor subsequently satisfies the judgment by making a cash payment. We find that once a sheriff obtains possession of the writ, his right to collect a commission attaches regardless of whether the writ is executed upon or whether the execution directly yields assets or funds.
FACTS AND PROCEDURAL HISTORY
On June 28, 1994, Aline Segura Tucker obtained a $12,279.92 money judgment against Vivian Crowson Magette Tucker Fowler. The judgment also obligated Ms. Fowler to pay legal interest and all costs associated with the proceedings.
When the judgment went unpaid, Ms. Tucker’s attorney requested, by letter dated August 3, 1994, that the Iberia Parish Clerk of Court issue a writ of fieri facias to Sheriff Errol Romero, and directed seizure of one of Ms. Fowler’s bank accounts with Premier Bank, N.A. The writ was issued on August 5, 1994, and was served on Ms. Fowler and Premier’s agent for service of process on August 9, 1994. However, the account had been closed just prior to service, thus, no funds were in the account.
|2On August 10, 1994, Ms. Fowler issued a $14,028.74 check to Ms. Tucker in satisfaction of the judgment. After receiving the check on August 11, 1994, Ms. Tucker executed an instrument entitled “Satisfaction of Judgment,” wherein she acknowledged receipt of the funds and authorized the Iberia Parish Clerk of Court to cancel the judgment. Thereafter, Ms. Tucker’s attorney notified the Sheriffs office of the payment, stating that “payment was made after the issuance of the Writ of Seizure.”
Pursuant to La.R.S. 33:1428(A)(13)(a), (b) and (c), the Sheriff sent an invoice for costs, fees and commissions to Ms. Tucker’s attorney, requesting payment of $619.00.[1] Ms. Tucker refused payment, whereupon the Sheriff filed a “Rule to Show Cause for Payment of Cost [sic], Commission and Fees Due.” The trial court denied the rule, finding that collection of a commission under La.R.S. 33:1428(A)(13)(a) was predicated upon the Sheriffs aiding in collection of the judgment. Since the seized account was closed, the trial court held that the Sheriff did not aid in collection of the judgment and was therefore, not entitled to a commission.
The Sheriff appealed, and the Louisiana Third Circuit Court of Appeal affirmed. Tucker v. Fowler, 95-121 (La.App. 3d Cir. 5/31/95); 657 So.2d 402. The court of appeal stated:
The provisions of La.R.S. 33:1428[ (A) ](13)(a) presuppose the seizure of an asset of some monetary value against which a judgment may be satisfied. The sheriffs position that a commission is due based on the value of a judgment or settlement upon the issuance of a writ is untenable. His entitlement to a commission is predicated on the idea that he actually seizes an asset of value or, in some way, fosters or facilitates a compromise of the dispute. Here, the judgment debtor’s account at Premier Bank contained no money. There is nothing in the record which indicates that the sheriff fostered or ^facilitated the compromise of this dispute. Hence, he is not entitled to any fee or commission.
We granted certiorari to determine the correctness of the lower court rulings. Tucker v. Fowler, 95-1649 (La. 10/13/95); 661 So.2d 479.
DISCUSSION

Entitlement to Commission

When statutes are clear and unambiguous no further inquiry may be made into legislative intent. Courts must apply the law as written, unless the application would lead to absurd consequences. La.Civ.Code art. 9; Tarver v. El. Du Pont De Nemours and Company, 93-1005 (La. 3/24/94); 634 So.2d 356; Moore v. Gencorp, Inc., 93-0814 (La. 3/22/94); 633 So.2d 1268; Ramirez v. Fair Grounds Corp., 575 So.2d 811 (La.1991).
*720 Louisiana R.S. 33:1428(A)(13)(a)(ii) provides:
In all cases where the sheriffs have in their possession for execution a writ of fieri facias, a writ of seizure and sale, or any conservatory or other writ under which property is or may be seized:
* * * * * *
(ii) When the plaintiff in writ receives cash, other consideration, or both pursuant to judgment rendered in suit in which the writ issued without the necessity of judicial sale ******
the sheriffs shall be entitled to receive a fee or commission as in the case of a sale.
The statute clearly states that a sheriff is entitled to collect a commission if he has “possession” for execution a writ of fieri faci-as, a writ of seizure and sale, or any conservatory or other writ under which property may be sold, and the creditor receives cash and/or other consideration pursuant to the judgment. Thus, “possession” of the writ by a sheriff and receipt of consideration by the plaintiff in writ are the events triggering a sheriffs right to collect a commission.
|4We disagree with the court of appeal’s conclusion that “[t]he provisions of La. R.S. 33:1428[ (A) ](13)(a) presuppose the seizure of an asset of some monetary value against which a judgment may be satisfied.” The statute simply contains no such requirement. As in this case, the threat of seizure and sale, by the issuance of a writ and its possession by a sheriff, is often enough to foster or facilitate the payment of a judgment or the settlement of a dispute. Thus, the legislature has expressly stated that once a writ of fieri facias, a writ of seizure and sale, or any conservatory or other writ under which property may be seized is issued, and a sheriff obtains possession of it, his right to collect a commission on the payment made to the plaintiff in writ attaches.
Here, the writ of fieri facias was issued on August 5, 1994, and the Sheriff served it upon Ms. Fowler and Premier on August 9, 1994. Thereafter, Ms. Fowler satisfied the judgment by a cash payment to the judgment debtor, and Ms. Tucker’s lawyer notified the Sheriff of this payment. Subparagraph (ii) of La.R.S. 33:1428(A)(13)(a) clearly entitles the Sheriff to a commission under these circumstances. For these reasons, we reverse the court of appeal’s decision insofar as it held that the Sheriff was not entitled to collect a commission.

Calculation & Liability of Parties

Having found that a commission is due, we now address two subsidiary issues: (1) calculation of the commission owed; and (2) which party is liable for payment. Regarding calculation of the commission, La. R.S. 33:1428(A)(7)(a) provides, in pertinent part:
For commission on sales of property made by the sheriffs, ... six percent shall be allowed on the price of adjudication of movable property. (Emphasis added.)
[ ¡/‘Cash” clearly qualifies as movable property. La.Civ.Code arts. 461, 471; Succession of Miller, 405 So.2d 812 (La.1981). Thus, the Sheriff is entitled to a 6% commission.
Because this is an atypical case, and no seizure and sale actually occurred we must determine the amount upon which the 6% commission should be based. The final phrase of La.R.S. 33:1428(A)(13)(a) provides that “the sheriffs shall be entitled to receive a fee or commission as in the case of a sale.” In the case of a sale, the commission is based on the “price of adjudication” of the property. This places the focus on the amount actually received by the creditor. United States v. Carrington, 93-1574 (La.App. 3d Cir. 6/1/94); 640 So.2d 659; Stevens v. Lock-ett, 528 So.2d 689 (La.App. 2d Cir.1988).
Analogizing, when a judgment creditor receives cash, other consideration or both under La.R.S. 33:1428(A)(13)(a)(ii), a sheriff is entitled to a commission on the amount received. In this case, the Sheriff is entitled to a commission of 6% of $14,028.74 (less sums advanced by the judgment creditor).[2]
*721 With regard to which party is liable for payment, Ms. Tucker argues that the judgment debtor, Ms. Fowler, is liable for the commission and fees. However, La.R.S. 33:1428(A)(13)(c) provides:
The fees or commission provided for in this Paragraph shall be due and payable in every case by the plaintiff in unit and shall be due and payable under the circumstances above set forth even though there has only been a constructive seizure or where property seized under any of the writs hereinabove enumerated has been released on bond. (Emphasis added.)
| e,The underlined portion makes the plaintiff in writ unquestionably liable for both fees and the commission,[3]
DECREE
For the foregoing reasons, we reverse the court of appeal’s decision as it held that Sheriff Romero was not entitled to collect a commission, and render judgment in favor of Sheriff Errol Romero and against Aline Seg-ura Tucker for the sum of Six Hundred and Nineteen Dollars ($619.00). All costs are assessed to Aline Segura Tucker.
REVERSED AND RENDERED.
LEMMON, J., concurs and assigns reasons.
JOHNSON, J., dissents.
MARCUS, J., dissents and assigns reasons.

. The total itemized costs were $919.00 ($79.00 Sheriff’s costs and $840.00 commission). The judgment creditor paid $300.00 in advance of the seizure. Thus, the total amount claimed by the Sheriff is $619.00. Although 6% of $14,028.74 equals $841.72, not $840.00, the Sheriff may, in his discretion, reduce or modify the fee or commission. La.R.S. 33:1428(A)(13)(b).

. The Sheriff is also entitled to collect other fees as provided by statute. In this case, the Sheriff's bill shows $79.00 in costs. Neither party has *721 taken issue with the amount. See footnote, supra.

. An exception to this rule is contained in La. R.S. 33:1428(A)(13)(d), which deals with settlement or compromise when no judgment is rendered. In that case, all parties to the compromise are solidarily liable for the sheriff’s fees and commission. This exception is not applicable since payment was made after judgment was rendered in this litigation. Further, the trial court ruled that the payment here was not a compromise, but the payment of a judgment.