Dear Marshal Wyatt:
You pose the following hypothetical for our legal analysis.
A bank enforces a judgment by seizing a vehicle which was pledged as security for the original loan. The bank requests a writ of fieri facias (which is in the possession of the sheriff) for the vehicle but subsequently stops the proceeding because there has been an agreement to accept the vehicle as payment of the existing judgment. What are the rights which exist in favor of the office of the sheriff who is in possession of the writ? Your specific questions are answered in the order presented.
 Question One
Is the sheriff entitled to the commission provided in LSA-R.S.33:1428 when there is a dation or a giving in payment?
Your first question requires review of R.S. 33:1428(A)(13)(a)(ii) which states:
 In all cases where the sheriffs have in their possession for execution a writ of fieri facias, a writ of seizure and sale, or any conservatory or other writ under which property is or may be seized:
 * * * * (ii) When the plaintiff in writ receives cash, other consideration, or both pursuant to judgment rendered in suit in which the writ issued without the necessity of judicial sale,
 * * * * the sheriffs shall be entitled to receive a fee or commission as in the case of a sale.
The language of the court in the case of Tucker vs. Fowler, 668 So.2d 718
(La. 1996) at page 719, is applicable to the instant matter:
 The statute [R.S. 33:1428(A)(13)(a)(ii)] clearly states that a sheriff is entitled to collect a commission if he has "possession" for execution a writ of fieri facias, a writ of seizure and sale, or any conservatory or other writ under which property may be sold, and the creditor receives cash and/or other consideration pursuant to the judgment. Thus, "possession" of the writ by a sheriff and receipt of consideration by the plaintiff in writ are the events triggering a sheriff's right to collect a commission.
Thus, our response to your first question is in the affirmative. A dation of the vehicle is equivalent to receipt of consideration by the plaintiff, and where this event coincides with possession of the writ by the sheriff, the sheriff's right to a commission is invoked.
 Question Two
Is the commission based upon the total value of the judgment, which has been satisfied by acceptance of the vehicle, regardless of the actual value of the vehicle? If not, what value is used?
In response to your second question, note that R.S. 33:1428(A)(7)(a) pertinently provides:
 For commission on sales of property made by the sheriffs, . . . six percent shall be allowed on the price of adjudication of movable property.
Again, the court in Tucker, supra, is instructive. In Tucker, no seizure and sale occurred, rather, the judgment creditor received cash in satisfaction of the judgment. The court noted, at page 719:
 Because this is an atypical case, and no seizure and sale actually occurred we must determine the amount upon which the 6% commission should be based. The final phrase of La.R.S. 33:1428(A)(13)(a) provides that "the sheriffs shall be entitled to receive a fee or commission as in the case of a sale." In the case of a sale, the commission is based on the "price of adjudication" of the property. This places the focus on the amount actually received by the creditor. United States v. Carrington, 93-1574 (La.App. 3d Cir. 6/1/94); 640 So.2d 659; Stevens v. Lockett, 528 So.2d 689
(La.App. 2d Cir. 1988).
 Analogizing, when a judgment creditor receives cash, other consideration or both under La.R.S. 33:1428(A)(13)(a)(ii), a sheriff is entitled to a commission on the amount received. (Emphasis added).
Our response to your second question, based upon the holding of the court in Tucker, is that if the focus is on the amount actually received by the creditor, the actual value of the vehicle should be used to determine the fee owed the sheriff.
 Question Three
Is there merit to an argument that in such instance the creditor and the debtor have entered into a "settlement or compromise" as provided in LSA-R.S. 33:1428(A)(13)(d)?
R.S. 33:1428(A)(13)(d), provides:
 In a case where there has been an amicable settlement by compromise or otherwise, but no judgment has been rendered, the fee or commission shall be due and payable in solido by all parties to the compromise agreement or settlement who may be proceeded against by the sheriffs by rule to be tried in a summary manner in term time or in vacation.
The import of R.S. 1428(A)(13)(d) is that this provision provides an exception to the rule that the plaintiff in writ must pay the sheriff's fees in the instances provided in R.S. 33:1428(13). "When no judgment is rendered and the parties settle, the parties are liable in solido for the fee." See Abuan v. Smedvig Tankships, Ltd., (La.App. 4th Cir. 4/11/01),2001 WL 540740, rehearing denied (May 15, 2001), at footnote 1.
 Question Four
When the creditor accepts a cash payment in partial settlement of the judgment and releases the vehicle from seizure is the sheriff entitled to a commission on the amount of payment or the value of the vehicle released?
In response to your fourth question, we are again guided by the court in Tucker, supra, and conclude that the sheriff's commission is to be based upon the amount of cash received by the creditor.
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams