965 So.2d 998 (2007)
Dorothy RIDDLE, Plaintiff-Appellant
v.
Gaylon D. SIMMONS, Defendant-Appellee.
No. 42,501-CA.
Court of Appeal of Louisiana, Second Circuit.
September 19, 2007.
*999 Sentell Law Firm, L.L.C., by C. Sherburne Sentell, Jr., C. Sherburne Sentell, III, Minden, for Appellant.
Gordon, Arata, McCollam, Duplantis & Eagan, L.L.P., by Ewell E. "Tim" Eagan, Jr., Donna Phillips Currault, New Orleans, for Appellee, Gaylon D. Simmons.
Usry, Weeks & Matthews, by John F. Weeks, II, New Orleans, for Appellee, Lincoln Parish Sheriff, Mike Stone.
Before BROWN, DREW and MOORE, JJ.
MOORE, J.
This appeal concerns the commission a sheriff is entitled to charge and who must pay it when the judgment debtor paid the judgment in full shortly after he was served notice of the writ of fieri facias (hereinafter "fifa")and thereby eliminated the need for a sheriff's sale. In this case, the trial court held that the sheriff was entitled by statute to collect $67,618.40 from the judgment creditor, Dorothy Riddle, that sum being 3% of the pay-off of the $2.3 million judgment including interest. Riddle appeals this ruling, contending that the amount of the commission is unconscionable and should be reduced. She also contends that the judgment debtor, Gaylon D. Simmons, should pay the sheriff's commission and fees since it was his failure to promptly pay the judgment that precipitated the need to obtain a writ of fifa. For the following reasons, we affirm.

Facts
The plaintiff, Dorothy Riddle, obtained a judgment from this court for the following two sums: $130,998.00, with judicial interest from May 1, 2003, and $707,625.00 with judicial interest from September 25, 1983. Riddle v. Simmons, 40,000 (La.App. 2 Cir. 2/16/06), 922 So.2d 1267, writ denied, XXXX-XXXX (La.6/2/06), 929 So.2d 1259. Riddle, as the judgment creditor, filed judicial mortgages in several parishes including Lincoln Parish, where Simmons resided. Simmons did not immediately pay the *1000 judgment. Two months later, on August 9, 2006, Riddle filed an action in Lincoln Parish to make the judgment executory.
On September 18, 2006, she filed a motion for a writ of fifa and obtained an order issuing the writ which authorized Lincoln Parish Sheriff Mike Stone to seize certain immovable property in Lincoln Parish for sheriff's sale, with benefit of appraisal. The property consisted of six lots, which included the defendant's home, four rent houses and a vacant lot.
According to the sheriff's ledger in the record, notices to appoint an appraiser were served on the defendant, and notices of seizure were posted at the property locations on October 3, 2006. The sale was scheduled for November 29, 2006 (See Exhibit A); however, before the sheriff's sale was advertised, the defendant paid off the judgment plus $1,880.00 in court costs that included a $1,200.00 deposit paid by plaintiff against costs incurred in the (writ) proceeding plus approximately $680.00 in costs advanced to the clerk's office. The pay-off of the judgment ultimately amounted to $2,306,052.90.[1]
After receiving the money, on October 10, 2006, Riddle executed an affidavit styled "Affidavit, Request for Cancellation and Satisfaction of Judgment." Paragraph 2 of the affidavit reads:
2. I hereby acknowledge that I have received the sum of received [sic] TWO MILLION THREE HUNDRED EIGHT THOUSAND FOUR HUNDRED NINETY-EIGHT AND 12/100 ($2,308,498.12) Dollars from Defendant Gaylon D., Simmons, and accept such in full payment of principal, interest, costs, attorney fees, and otherwise in full satisfaction of that certain Judgment, dated June 30, 2004, and Judgment on New Trial, dated September 8, 2004, issued in the captioned matter and which Judgment was reversed in part and affirmed in part, as amended in Riddle v. Simmons et al, No. 40,000 (La.Ct.App.2d Cir.2/16/06), 922 So.2d 1267, rehearing denied, (La.Ct.App.2d Cir.3/9/06), 922 So.2d 1267, writ denied, 929 So.2d 1259-60, XXXX-XXXX (La.6/2/06), as reflected in that certain Condensed Judgment, dated June 19, 2006 (hereinafter, the "Judgment"), and do hereby declare that said Judgment is EXTINGUISHED, PAID AND SATISFIED IN FULL. Accordingly, I hereby consent and move this Court to mark the docket of this matter "EXTINGUISHED, PAID AND SATISFIED IN FULL." (Emphasis in original)
After the judgment was paid and the Satisfaction of Judgment above was executed, the sheriff contacted the appellant about his commission on the pay-off. There was some discussion between the sheriff and Riddle's counsel and Riddle's counsel requested the sheriff to reduce his 3% commission. The sheriff subsequently submitted to counsel a bill for his commission for $34,200.00, which was approximately 1.5% of the pay-off or 50% of the statutory rate, which is 3%, plus $374.40 in additional costs.
Riddle refused to pay the reduced commission; instead, she filed a motion to fix the sheriff's fee, complaining that the sheriff's $34,574.40 fees, commission and charges were excessive and unreasonable. She asked the court to intervene and reduce the commission. She included with her motion a rule to show cause why these costs should not be taxed as costs and paid by the defendant pursuant to La. R.S. 33:1428(C), which permits the trial court to tax as costs the sheriff's fees or commissions *1001 pursuant to Code of Civil Procedure Article 1920.
The sheriff filed a cross-motion for payment of the fees and costs, including the full 3% commission (approximately $68,400.00 plus costs), but less the $1,200.00 paid in advance, which came to a total of $67,618.40.
After a hearing on December 14, 2006, the court took the matter under advisement. It subsequently issued an oral ruling on January 23, 2007, dismissing Riddle's motion and granting the sheriff's cross-motion. The court held that the judgment creditor and not the judgment debtor, is liable for the sheriff's fee or commission in this case. The court rendered judgment in favor of the sheriff for $67,618.40 against Riddle.
Plaintiff filed the instant appeal alleging nine assignments of error which can be summarized as follows:
(1) The trial court erred in holding the judgment creditor responsible for the sheriff's commission although the sheriff only served the seizure notices and the sale did not take place.
(2) The sheriff did not present evidence that he "possessed" or served the fifa.
(3) The court abused its discretion in failing to reduce the sheriff's fee.
(4) The court erred in finding that the judgment creditor was responsible for the sheriff's fees since the judgment debtor's failure to promptly pay precipitated the seizure.
(5) The court failed to recognize conflicting provisions in the statute and that the fee schedules were not fixed, but simply a maximum allowable charge.
(6) The court erred in construing the Affidavit and Satisfaction of Judgment document to work as a release of liability of the Judgment Debtor for all liability for the judgment.
(7) The court erred by allowing the sheriff to double the $34,574.40 bill he originally sent to the judgment debtor.
(8) The court erred in finding that the bill for $34,574.40 originally sent by the sheriff was an offer to compromise that the judgment debtor rejected. Appellant contends that this finding is based on facts not in the record.
(9) The trial court failed to properly apply the law.
Sheriff Stone and Simmons have each filed briefs defending the judgment.

Discussion
The issues raised by plaintiff's assignments of error essentially focus on (1) who is responsible for payment of the sheriff's fees or commission (Assignments 4 and 6); (2) whether a court has the authority to intervene and reduce the statutorily authorized commission rate charged by a sheriff (Assignments 3 and 5); (3) when does the right to collect the commission attach (Assignments 1 and 2); and, (4) how much can the sheriff charge as commission in this case (Assignments 7 and 8).
Who Pays the Sheriff's Commission?
Counsel for Riddle contends that Simmons, the judgment debtor, should be required to pay the sheriff's commission, and the trial court erred in finding that by executing the "Satisfaction of Judgment," Riddle could not subsequently move the court to tax the sheriff's commission as costs against Simmons. The following statutes are relevant to these issues.
Louisiana Code of Civil Procedure Article 1920 provides:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.

*1002 Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party as it may consider equitable.
Louisiana Revised Statutes 13:4533 provides:
The costs of the clerk, sheriff, witness fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.
Louisiana Revised Statutes 33:1428(A) provides, in pertinent part:
(13)(a) In all cases where the sheriffs have in their possession for execution a writ of fieri facias, a writ of seizure and sale, or any conservatory or other writ under which property is or may be seized:
(i) When there has been an adjudication which is not completed as a result of instructions given by the plaintiff in writ or for any other reason, or
(ii) When the plaintiff in writ receives cash, other consideration, or both pursuant to judgment rendered in suit in which the writ issued without the necessity of judicial sale, or
(iii) When the suit in which the writ issued is discontinued by the plaintiff in writ, or
(iv) When at the request of the plaintiff in writ the writ is recalled or dissolved or its further execution discontinued, or
(v) When the parties in interest make an amicable settlement or compromise or enter into any other agreement under the terms of which the writ is recalled or dissolved or its further execution discontinued, the sheriffs shall be entitled to receive a fee or commission as in the case of a sale.
(b) But in the discretion of the sheriffs and under circumstances satisfactory to them, they may modify or reduce any fee or commission due and payable under the provisions of this Paragraph. However, if the property is the debtor's homestead exempt residence and there has been a settlement or compromise between the parties, the fee or commission shall be calculated on the amount of the settlement or compromise.
(c) The fees or commission provided for in this Paragraph shall be due and payable in every case by the plaintiff in writ and shall be due and payable under the circumstances above set forth even though there has only been a constructive seizure or where property seized under any of the writs hereinabove enumerated has been released on bond.
(Emphasis Supplied).
However, La. R.S. 33:1428 was amended by Acts 1999, No. 428, § 1, to provide:
The fees or commissions provided for in this Section may be taxed as costs of court pursuant to Code of Civil Procedure Article 1920."
In Tucker v. Fowler, 95-1649 (La.2/28/96); 668 So.2d 718, the Louisiana Supreme Court held that the judgment creditor, rather than judgment debtor, was responsible for paying the sheriff's commission and fees on issuance of writ of fifa. The traditional rule was that the plaintiff in the suit or in the writ is primarily responsible for costs at all times, even though the judgment has been rendered in his favor. Houssiere-Latreille Oil Co. v. Jennings-Heywood Oil Syndicate, 116 La. 347, 40 So. 727(La.1905). This rule was abrogated by La. C.C.P. art.1920, which states that the party cast in judgment is responsible for costs, unless the judgment states otherwise. However, the Tucker court observed that La. R.S. 33:1428(A)(13)(c) supplies the rule for writs, stating that the plaintiff in writ is *1003 responsible for payment of the sheriff's commission.
Tucker was decided in 1996 prior to the addition of section "C" to the statute which permits a court to tax the sheriff's fees as costs pursuant to La. C.C.P. art.1920. Accordingly, a plaintiff can file a motion or rule to have the sheriff's commission taxed as costs against the defendant.
In Abuan ex rel. Valdez v. Smedvig Tankships, Ltd., XXXX-XXXX (La.App. 4 Cir. 4/11/01), 786 So.2d 827, writ denied, XXXX-XXXX (La.9/28/01), 798 So.2d 117, cert denied, Smedvig Tankships, Ltd. v. Hingle, 534 U.S. 1134, 122 S.Ct. 1079, 151 L.Ed.2d 979 (U.S.2002), the trial court taxed the sheriff's commission as costs against the defendant. Defendant appealed, complaining that the plaintiff in writ was responsible for the commission, citing Tucker v. Fowler, supra. The Fourth Circuit affirmed the trial court's ruling taxing the costs against the defendant, holding that Tucker was distinguishable because the plaintiff in Tucker had executed a satisfaction of judgment before the sheriff in that case moved to tax costs against the plaintiff. In Abuan, the plaintiff and sheriff moved to tax costs against the defendant before the defendant executed a satisfaction of judgment.
Riddle asserts that the trial court in this instance and the Abuan court erroneously relied on the factual distinction in Tucker that the plaintiff in Tucker had executed a satisfaction of judgment before the sheriff moved to tax costs against the plaintiff. Rather, Riddle contends that the judgment was based on the "old statute," i.e. subsection 13(c), that the plaintiff in writ must pay the sheriff's commission or fees.
Nevertheless, the facts recited in Tucker establish that the plaintiff did indeed execute a "Satisfaction of Judgment" prior to refusing to pay the sheriff's commission, which prompted the sheriff to rule him into court. We do not know if this fact is of any consequence in Tucker inasmuch as the Supreme Court expressly relied on subsection 13(c) of R.S. 33:1428(A) to require the plaintiff to pay the commission. However, we observe in this instance that Riddle signed a Satisfaction of Judgment that expressly stated that Riddle accepted the payment as full payment of the judgment, including costs, and we agree with the trial court that this fact is dispositive of the case.
We also agree with the courts in Tucker, supra and Abuan, supra, that La. R.S. 33:1428 is not ambiguous. Nor does it lead to absurd results as applied in this case.[2] When statutes are clear and unambiguous, no further inquiry may be made into legislative intent. Courts must apply the law as written, unless the application would lead to absurd consequences. La. Civil Code Article 9; Tarver v. E.I. Du Pont De Nemours and Company, 93-1005 (La.3/24/94), 634 So.2d 356, 358. Section C of La. R.S. 33:1428 provides that a plaintiff may move to have the sheriff's fees or commission taxed as costs against the defendant. Otherwise, the plaintiff in writ is responsible for payment of the commission. La. R.S. 33:1428(A)(13)(c). Riddle did include such a motion in her motion to fix the sheriff's fee; however, the motion was filed after she executed the Satisfaction of Judgment. The trial court concluded that the Satisfaction released Simmons from liability for any further costs.
*1004 Riddle contends that trial court incorrectly concluded that she had released the judgment debtor by accepting the pay-off as satisfaction of the judgment. The court considered two documents: a letter in which the plaintiff sent the judgment debtor the calculation of the judgment that included $1,200.00 for the fees associated with the writ of fifa that the appellant had paid, and the "Affidavit, Request for Cancellation and Satisfaction of Judgment" ("Satisfaction of Judgment") which states that, after acknowledgment of receipt of the $2.3 million as payment of the judgment, interest and costs, "the Judgment is extinguished, paid and satisfied in full." The court concluded that this language included everything related to the judgment, including the sheriff's commission.
The plaintiff objects to the trial court's consideration of the letter she or her attorney sent the defendant regarding the calculation of the judgment, interest and fees associated with the pay-off. While we agree that the letter constitutes parol evidence with regard to the contents of the Satisfaction of Judgment, we conclude that the plaintiff's execution of the Satisfaction of Judgment alone is sufficient to defeat her motion.
In this case, Riddle, as plaintiff in writ, moved to tax costs against the defendant as part of her motion to fix the sheriff's commission. The motion was not filed until after she executed the Satisfaction of Judgment that included an acknowledgment of satisfaction of the payment of costs. Accordingly, we find no error in the trial court's decision to deny her motion to tax the sheriff's commission as costs to be paid by the defendant. Acadian Bank of Thibodaux v. Bates, 470 So.2d 898 (La. App. 2 Cir.1985). (After obtaining a judgment in its suit on promissory notes plus interest and attorney fees less than the 25% called for in the notes, plaintiff bank signed a Satisfaction of Judgment upon receipt of payment of the judgment. Held: Once the Satisfaction of the Judgment was signed, bank could not go back into court to collect additional attorney fees called for in the notes.)
Does the Trial Court Have the Authority to Intervene and Reduce the Sheriff's Commission?
Riddle also strenuously argues that the trial court had a duty to intervene in this case and modify the rate or amount of the sheriff's commission. His argument is based on the trial court's power to determine "reasonable" attorney fees. Specifically, he contends that the sheriff is an officer of the court just as attorneys are deemed to be officers of the court. Since the court has the authority to determine and award reasonable attorney fees in some cases, counsel contends that the court can also determine what constitutes a reasonable sheriff's commission.
We do not think that the center holds in this argument. Counsel's major premise is that trial courts have authority to regulate the fees of all officers of the court, even in cases where the legislature has provided a certain fee or rate. This generalization is based solely on the court's authority to regulate in some instances what constitutes reasonable attorney fees, which is a power derived from the Supreme Court's constitutional authority to regulate the practice of law. The cases cited by counsel pertain solely to attorney fees.
The maximum fees and commission a sheriff may charge after a writ of fifa is issued is established by statute. If the legislature had wanted courts to have the power to intervene and modify these fees or commissions, it would have expressly provided so in the statute. Hence, it is not, as appellant urges, because attorneys are officers of the court that a court may *1005 determine if the fees an attorney charges are reasonable, but because of the power granted to courts to regulate the practice of law.
Nor do we construe the statute as impliedly granting the power to modify the sheriff's commission at its own discretion. (La. R.S. 33:1428 establishes the fees and commission a sheriff is entitled to charge and also states the decision to modify that fee or commission downward appears to be at the sheriff's discretion.) Counsel for Riddle contends that the language in the statute simply sets a cap on what the sheriff may charge, which he claims infers that the amount is not fixed and further infers courts have authority to intervene to set the amount a sheriff may charge. He notes that the statute says that the sheriff may adjust his commission with approval of the court. Hence, he argues, the fees are not set in stone and the court could intervene and set the fee.
The problem with this argument is that the statute appears to give solely to the sheriff the discretion regarding lowering fees or commissions, not the court. The provision in question is section 7(b) of R.S. 33:1428(A), which the appellant contends gives the court, not the sheriff, authority to intervene. The provision reads:
(b) When the amount necessary to be realized to satisfy any writ under which the property, movable or immovable, is to be offered for sale by the sheriffs is in excess of fifty thousand dollars, including interest and costs, the sheriffs and the seizing creditor may, with the approval of the court, agree upon the fee or commission to be paid to the sheriffs for making the sale, irrespective of the rates hereinabove set forth, prior to the offer and adjudication of the property by the sheriffs.
There is simply no jurisprudential authority for appellant's argument, and we construe the statute to give only the sheriff the discretion to modify his commission.
When Does the Right to Collect the Commission Attach?
Counsel for Riddle complains that the sheriff is not entitled to collect the commission because the property never went to sheriff's sale. La. R.S. 33:1428(A)(13)(a)(v) states:
13)(a) In all cases where the sheriffs have in their possession for execution a writ of fieri facias, a writ of seizure and sale, or any conservatory or other writ under which property is or may be seized:
(i) When there has been an adjudication which is not completed as a result of instructions given by the plaintiff in writ or for any other reason, or
(ii) When the plaintiff in writ receives cash, other consideration, or both pursuant to judgment rendered in suit in which the writ issued without the necessity of judicial sale, or

(iii) When the suit in which the writ issued is discontinued by the plaintiff in writ, or
(iv) When at the request of the plaintiff in writ the writ is recalled or dissolved or its further execution discontinued, or
(v) When the parties in interest make an amicable settlement or compromise or enter into any other agreement under the terms of which the writ is recalled or dissolved or its further execution discontinued, the sheriffs shall be entitled to receive a fee or commission as in the case of a sale.

(Emphasis Supplied).
The statute clearly states that once the sheriff is in possession of the writ of fifa and the plaintiff receives cash pursuant to the judgment such that the sheriff's sale is no longer necessary, the sheriff is nevertheless *1006 entitled to his commission as in the case of a sale.
Appellant argues, however, that the sheriff never presented evidence that proved that he had "possession" of the writ, although this is not a fact that was contested at the hearing on the motion. He contends that the sheriff should have offered a "service return" as proof he served the judgment debtor. The sheriff did present his bill as evidence, and the judgment refers to "oral stipulations" at the hearing on the matter.
Inasmuch as the court issued the writ of fifa to the sheriff to seize the defendant's property, we have no difficulty concluding that the trial court committed no error in recognizing that the sheriff was in possession of the writ of fifa. Accordingly, the trial court did not err in concluding that the sheriff was entitled to his commission.
How Much Commission Can the Sheriff Charge in this Case?
Counsel for Riddle put the sheriff's initial "half-price" bill into the record while the sheriff put his full bill in the record. According to argument, there was some discussion between the sheriff and the appellant's attorney regarding the sheriff's commission. The sheriff sent a bill for an amount that constituted half of what the statute allows. Instead of paying that amount, counsel instead filed a motion to fix the fee at a much lower amount. He protests that the court considered the sheriff's reduced bill an offer to settle or compromise the dispute and contends that the offer was the actual bill which the sheriff subsequently doubled.
We find no merit in counsel's argument. The writ court correctly considered the half-price bill as a compromise offer and Riddle's subsequent filing of a motion to fix the sheriff's fee as a rejection of that offer. Accordingly, the sheriff was entitled to charge the full amount allowed by statute. Because the property seized was immovable property, the rate of commission is 3% of the amount received. La. R.S. 33:1428(A)(7)(a).

Conclusion
For the reasons stated herein above, we find no error of law nor manifest error in the findings and rulings of the court in requiring the plaintiff in writ to pay the sheriff's commission. The judgment is therefore affirmed.
AFFIRMED.
NOTES
[1] As of September 29, 2006, the pay-off was $2,304,172.90 with a daily increase of $185.02 thereafter until paid and not including the $1,880.00 in court costs.
[2] Riddle argues that the trial court's construction of statute could lead to absurd results. For example, if a judgment creditor caused several writs of fifa to issue to the sheriffs of several parishes and the judgment debtor thereafter paid the judgment, then each sheriff would be entitled to 3% of the pay-off, which he contends would be an absurd application of the statute.