STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2020 CA 0960

STANDARD MORTGAGE CORPORATION

VERSUS

ANGELIQUE MONIQUE JARRELL

JUDGMENT RENDERED: __APR 1 6 2021__

* * * * * * *

Appealed from the
Twenty-Third Judicial District Court
In and for the Parish of Ascension • State of Louisiana
Docket Number 126999 • Division E

The Honorable Alvin Turner, Jr., Judge Presiding

* * * * * * *

<table>
<tr><td>Robert Ryland Percy, III<br>Anna Quintero Skias<br>Gonzales, Louisiana</td><td>COUNSEL FOR APPELLANT<br>INTERVENOR—Robert "Bobby"<br>Webre, Sheriff and <i>Ex Officio</i><br>Tax Collector of Ascension<br>Parish, State of Louisiana</td></tr>
<tr><td>Stacy Cottrell Wheat<br>Louis Graham Arceneaux<br>Foerstner Graham Meyer<br>Fred Joseph Daigle<br>New Orleans, Louisiana</td><td>COUNSEL FOR APPELLEE<br>PLAINTIFF—Standard Mortgage<br>Corporation</td></tr>
</table>

* * * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WELCH, J.**

This appeal stems from a dispute between Standard Mortgage Company ("Standard") and the Ascension Parish Sheriff's Office over the commission due the sheriff for services performed during the pendency of a foreclosure proceeding, where Standard reinstated the debtor's loan, eliminating the need for a sheriff's sale. The trial court rendered judgment decreeing that the debtor's property was homestead exempt and that the sheriff was entitled to collect $582.11, that sum being 3% of the reinstatement fee payment of $19,403.60. The sheriff appeals, arguing that the debtor waived her homestead exemption rights in the mortgage agreement, entitling the sheriff to a commission equal to 3% of the $19,403.60 reinstatement fee and the $202,999.91 loan balance. We affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

Standard filed a petition for executory process on October 7, 2019, against Angelique Monique Jarrell. Standard alleged that Ms. Jarrell defaulted on a promissory note and mortgage—with a principal balance due and owing of $202,999.91, with interest at the rate of 4.5% per annum, from April 1, 2019 until paid—by failing to pay the monthly installments, due for May 1, 2019 until paid. Standard sought the issuance of a writ of seizure and sale, which the sheriff issued on October 24, 2019.[1] Prior to the sale of the property, Ms. Jarrell reinstated her defaulted loan on January 15, 2020, by paying past due payments totaling $18,403.60, remitting the sheriff's deposit of $1,000.00, and remitting the sheriff's commission of $582.11. Accordingly, Standard requested that the sheriff return the writ and cancel the sheriff's sale.

The sheriff returned the writ and sent Standard a statement for expenses,

---

[1] The sheriff recorded notice of the seizure of Ms. Jarrell's property on November 12, 2019, in the Ascension Parish Clerk of Court's Office mortgage records, at MOB Instrument Number 00982147.

2

costs, and commission due for its services, in the total amount of $6,045.08. Thereafter, Standard filed a motion to reduce and fix the sheriff's commission, seeking a reduction of the sheriff's commission to $528.11, on the basis that because Ms. Jarrell's property was homestead exempt, the sheriff's 3% commission is correctly calculated based the reinstatement fee payment of $19,403.60, not the principal balance of the loan, $202,999.91.

In response, the sheriff intervened in the suit and opposed Standard's motion. The sheriff argued that Ms. Jarrell waived her homestead exemption as to seizures in her mortgage agreement, and as a result, the sheriff's 3% commission must be calculated based on the reinstatement fee payment of $19,403.60 and the balance of the loan, $202,999.91.

Following a hearing on Standard's motion to reduce and fix the sheriff's commission, the trial court took the matter under advisement. The trial court thereafter rendered judgment on August 5, 2020, granting Standard's motion to reduce and fix the sheriff's commission, and ordering that the sheriff's commission be calculated based upon 3% of the reinstatement fee payment of $19,403.60, for a total of $582.11. The trial court also issued reasons for its judgment. The sheriff now appeals.

## LAW AND DISCUSSION

Louisiana Revised Statutes 13:5530 sets forth a sheriff's entitlement to fees in civil matters.[2] Pursuant to La. R.S. 13:5530(A)(13):

> (a) In all cases where the sheriffs have in their possession for execution a writ of fieri facias, a writ of seizure and sale, or any conservatory or other writ under which property is or may be seized:
>
> ***
>
> (ii) When the plaintiff in writ receives cash, other consideration, or both pursuant to judgment rendered in

---

[2] Formerly designated as La. R.S. 33:1421-1450.1, the legislature re-designated the statutes regarding sheriffs' fees in civil matters as La. R.S. 13:5521-5560, pursuant to 2011 La. Acts No. 248, §3 (eff. Aug. 15, 2011).

suit in which the writ issued without the necessity of judicial sale.

*\*\**

(v) [T]he sheriffs shall be entitled to receive a fee or commission as in the case of a sale.

As set forth in La. R.S. 13:5530(A)(13)(a)(ii) and (v), once the sheriff is in possession of a writ of *fieri facias* and the plaintiff receives cash or other consideration pursuant to the judgment such that the sheriff's sale is no longer necessary, the sheriff is nevertheless entitled to his commission as in the case of a sale. See **Tucker v. Fowler**, 95-1649 (La. 2/28/96), 668 So. 2d 718, 720.

Here, the writ of *fieri facias* was issued on October 24, 2019, and the sheriff served the writ upon Ms. Jarrell on October 25, 2019. Thereafter, Ms. Jarrell reinstated her loan, and Standard notified the sheriff of her reinstatement fee payment of $19,403.60, requesting that the sale be cancelled. Accordingly, La. R.S. 13:5530(A)(13)(a)(ii) and (v) clearly entitles the sheriff to a commission under these circumstances. See **Tucker**, 668 So. 2d at 720.[3]

Having found that a commission is due the sheriff, we must now review the amount of the commission as calculated by the trial court. Louisiana Revised Statutes 13:5530(A)(7)(a) sets forth that "[f]or commission on sales of property made by the sheriffs, **three percent** shall be allowed on the **price of adjudication** of immovable property...." (Emphasis added). However, La. R.S. 13:5530(A)(13)(b) provides:

> But in the discretion of the sheriffs and under circumstances satisfactory to them, they may modify or reduce any fee or commission due and payable under the provisions of this Paragraph. However, if the **property is the debtor's homestead exempt residence** and there has been a **settlement or compromise** between the parties, the **fee or commission shall be calculated on the amount of the settlement or compromise.**

---

[3] **Tucker** applied the former version of this statute (*i.e.*, La. R.S. 33:1428(A)(13)(a)(ii)) in effect prior to its re-designation by 2011 La. Acts No. 248, §3 (eff. Aug. 15, 2011). See **Tucker**, 668 So. 2d at 720.

(Emphasis added).

## Homestead Exemption: Assignment of Error 1

In his first assignment of error, the sheriff argues the trial court erred in determining that Ms. Jarrell's property is homestead exempt for purposes of calculating his commission under La. R.S. 13:5530(A)(13)(b). The sheriff avers that although Standard argued in its motion to reduce and fix the sheriff's commission that Ms. Jarrell's property is homestead exempt such that La. R.S. 13:5530(A)(13)(b) applies, Standard "attempts to 'have it both ways'" by arguing in its petition for executory process that Ms. Jarrell "waiv[ed] all homestead exemptions to which she may be entitled under the Constitution and laws of the State of Louisiana." Standard does not dispute that Ms. Jarrell waived the homestead exemption, only that the waiver was of her homestead exemption from seizure, which has no bearing on the applicability of La. R.S. 13:5530(A)(13)(b) to her loan reinstatement and the calculation of the sheriff's commission.

The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and its letter shall not be disregarded in search of the intent of the legislature or under the pretext of pursuing its spirit. A statute shall be construed to give meaning to the plain language of the statute, and courts may not extend statutes to situations that the legislature never intended to be covered. **Barrilleaux v. Bd. of Sup'rs of Louisiana State Univ.**, 2014-1173 (La. App. 1st Cir. 4/24/15), 170 So. 3d 1015, 1020, writ denied, 2015-1019 (La. 9/11/15), 176 So. 3d 1048. The meaning of a statute is to be interpreted by looking to all the sections taken together so that no section, clause, sentence, or word becomes superfluous or meaningless. **Barrilleaux v. NPC, Inc.**, 98-0728 (La. App. 1st Cir. 4/1/99), 730 So. 2d 1062, 1065, writ denied, 99-1002 (La. 5/28/99), 743 So. 2d 672.

5

Louisiana law provides for two types of homestead exemptions: exemption from taxes and exemption from seizure. The homestead exemption from taxes, as set forth in La. Const. Art. VII, § 20(A)(1), exempts $7,500.00 of the "assessed valuation" (or $75,000.00 of the "fair market value"[4]) of an owner's primary residence, *i.e.*, her "homestead," from taxes:

> The bona fide homestead, consisting of a tract of land or two or more tracts of land ..., with a residence on one tract ..., owned and occupied by any person or persons owning the property in indivision, shall be exempt from state, parish, and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation.[5]

The second homestead exemption—exemption from seizure—is an exemption from seizure of the first $35,000.00 in value of a person's home following a sheriff's sale, as set forth in La. R.S. 20:1(A)(2):

> The homestead is exempt from seizure and sale under any writ, mandate, or process whatsoever, except as provided by Subsections C and D of this Section. This exemption extends to thirty-five thousand dollars in value of the homestead, except in the case of obligations arising directly as a result of a catastrophic or terminal illness or injury, in which case the exemption shall apply to the full value of the homestead based upon its value one year before such seizure. This homestead exemption from seizure and sale shall extend automatically to the proceeds from any property insurance policy received as a result of damage caused by a gubernatorially declared disaster to a homestead and that are held separately in an escrow account identified as insurance proceeds paid from the damage of a homestead for its repair or replacement.

The statute defines "homestead" as "a residence occupied by the owner and

---

[4] See La. Const. Art. VII, § 18(A) and (D). See also Acension Parish Assessor's Office, "Homestead Exemption," https://www.ascensionassessor.com/resources/homestead-exemption/#:~:text=The%20maximum%20Homestead%20Exemption%20value,not%20automatically%20granted%20upon%20purchase.

[5] The Louisiana Constitution provides an exemption from real property tax of a dollar amount, currently $7,500 of the "assessed value" that is actually 10% of the true assessed value, for owners of property residing therein. See David L. Sigler, Betty A. Raglin, Sheila L. Moragas, Cherish D. van Mullem, Rebecca S. Luster Radford, and Carrie H. Pailet, "§3.22. Property Tax Homestead Exemption," Estate Planning in Louisiana, *Louisiana Practice Series*, 1 La. Prac. Est. Plan. § 3:22 (2020-2021 ed.).

6

case, Standard Mortgage Corporation and Angelique Monique Jarrell, the fee or commission shall be calculated on the amount of the settlement or compromise.

We agree. The plain language of La. R.S. 13:5530(A)(13)(b) clearly provides that the sheriff's "commission shall be calculated on the amount of the settlement or compromise." The Legislature could have chosen to state that the commission shall be calculated on the amount of the settlement or compromise and the remaining balance of the debtor's loan, but it did not. The time honored maxim, *expressio unius et exclusio alterius,* teaches us that when the legislature specifically enumerates one or more things of a particular type, the legislature's omission of other things, which could have been easily included in the statute, is deemed intentional. **Holmes v. City of Baker Sch. Bd.,** 2019-0404 (La. App. 1st Cir. 12/12/19), 295 So. 3d 403, 407. We must construe La. R.S. 13:5530(A)(13)(b) according to its plain language and not extend the statute to situations the Legislature did not contemplate. See **Barrilleaux v. Bd. of Sup'rs of Louisiana State Univ.,** 170 So. 3d at 1020.

We find no error in the trial court's interpretation and application of La. R.S. 13:5530(A)(13)(b) nor its calculation of the sheriff's commission. This assignment of error is without merit.

## DECREE

We affirm the trial court's August 5, 2020 judgment. All costs of this appeal, in the amount of $1,532.00, are assessed against the intervenor/appellant, Robert "Bobby" Webre, Sheriff and *Ex Officio* Tax Collector of Ascension Parish, State of Louisiana.

**AFFIRMED.**

9

issue is owned and occupied by Ms. Jarrell, who declared the property as her homestead, as required by La. R.S. 13:5530(A)(13)(b).[5] As further required by La. R.S. 13:5530(A)(13)(b), Ms. Jarrell and Standard entered into a settlement or compromise. Based on the foregoing, we find no error in the trial's court determination that Ms. Jarrell's property is homestead exempt for purposes of calculating the sheriff's commission under La. R.S. 13:5530(A)(13)(b). This assignment of error is without merit.

**Calculation of Sheriff's Commission: Assignment of Error 2**

In his second assignment of error, the sheriff argues that even if the property is homestead exempt, the trial court erred in its interpretation and application of La. R.S. 13:5530(A)(13)(b) and miscalculated the sheriff's commission. The sheriff avers that its "long-standing position" is that "the amount of the settlement or compromise" as provided for in La. R.S. 13:5530(A)(13)(b) is defined as any payment received by the seizing creditor, such as a reinstatement fee, plus any remaining balance on the loan foreclosed upon due the seizing creditor. The sheriff contends that under La. R.S. 13:5530(A)(13)(b), his commission must be calculated as 3% of the $19,403.60 reinstatement fee and the $202,999.91 loan balance.

In its reasons for judgment, the trial court held:

> The cited statute [La. R.S. 13:5530(A)(13)(b)] clearly states when the property is the debtor's homestead exempt residence and there has been a settlement or compromise between the parties, as in this case, Standard Mortgage Corporation and Angelique Monique Jarrell, the fee or commission shall be calculated on the amount of the settlement or compromise.

---

[5] Contrary to the assertion of the sheriff, the trial court may take judicial notice of the public records of its own Clerk of Court's Office. See La. C.E. art. 201(B)(1) and (2). See also **Roy Anderson Corp. v. 225 Baronne Complex, L.L.C.**, 2017-1005 (La. App. 4th Cir. 7/11/18), 251 So. 3d 493, 500, writ denied, 2018-1334 (La. 11/5/18), 255 So. 3d 1049; **Louisiana Lift & Equip., Inc. v. Eizel**, 33,747 (La. App. 2nd Cir. 11/1/00), 770 So. 2d 859, 864.

We agree. The plain language of La. R.S. 13:5530(A)(13)(b) clearly provides that the sheriff's "commission shall be calculated on the amount of the settlement or compromise." The Legislature could have chosen to state that the commission shall be calculated on the amount of the settlement or compromise and the remaining balance of the debtor's loan, but it did not. The time honored maxim, *expressio unius et exclusio alterius*, teaches us that when the legislature specifically enumerates one or more things of a particular type, the legislature's omission of other things, which could have been easily included in the statute, is deemed intentional. **Holmes v. City of Baker Sch. Bd.**, 2019-0404 (La. App. 1st Cir. 12/12/19), 295 So. 3d 403, 407. We must construe La. R.S. 13:5530(A)(13)(b) according to its plain language and not extend the statute to situations the Legislature did not contemplate. See **Barrilleaux v. Bd. of Sup'rs of Louisiana State Univ.**, 170 So. 3d at 1020.

We find no error in the trial court's interpretation and application of La. R.S. 13:5530(A)(13)(b) nor its calculation of the sheriff's commission. This assignment of error is without merit.

## DECREE

We affirm the trial court's August 5, 2020 judgment. All costs of this appeal, in the amount of $1,532.00, are assessed against the intervenor/appellant, Robert "Bobby" Webre, Sheriff and *Ex Officio* Tax Collector of Ascension Parish, State of Louisiana.

**AFFIRMED.**